The cause was continued for advisement, and at the following April term, the prisoner being brought into Court, and set to the bar, his honor, Judge Sedgwick, by whom the Court was'holden, addressed him as follows: —

Tilley Houghton,

Your motion in arrest of judgment has been deliberately considered by all the judges, and their unanimous opinion is that it must prevail.
*96 * There are many objections made to the indictment in this case, all of which, except, the first, might be got over, as the Court has unanimously determined in the case of the writ of "error brought by Murray Brown to reverse a judgment against him. (4) Upon these therefore it is not necessary to give an opinion.
The objection is, that the indictment does not give any precise or sufficient description of the bills or notes alleged to have been in the prisoner’s possession; nor is any reason alleged why they are not so described.
The description given of the bills is, “ that they were false, forged, and counterfeit bank bills or promissory notes, signed in behalf of the Union Bank, for the sum of five dollars each,” and that they purported to be payable “ to the bearers thereof; ” but the indictment does not set forth the tenor or substance of the bill's, either as to their form, dates, or the person or persons to whom they were payable.
East (5) lays it down as a general rule, that “ it is essentially necessary to an indictment for forgery, that the instrument alleged to be forged should be set forth in words and figures ; though there be .no technical form of words for expressing that it is so set forth.” And he cites two cases (one of them determined as long ago as the year 1767) in which it was so decided by all the twelve judges of England; and a like determination is reported to have been made in Lyon’s case. (6)
But there are cases which will form just and necessary exceptions to this rule; as where the forged instrument has been destroyed by the prisoner, or has remained in his possession; and perhaps in other cases, where the instrument cannot be produced, and there are no loches on the part of the government or prosecutor. But in every such instance, that the exception may be admitted, it must appear in the indictment what is the cause of the non-description of the instrument. From the record in this case we do not know that the forged bills were not with * the grand jury at the time the indictment was found; nor do we Know that they were not produced at the trial.
It would be difficult, if not impossible, to discover any good or satisfactory reason in support of many of the niceties which are ' established in criminal proceedings, and which may not be relaxed. In the instance under consideration, however, the reason is very obvious. A particular description of the instrument may enable *97 the party charged more effectually to prepare for his defence, and thus may become a shield to innocence.
On the whole, we are satisfied that judgment must be arrested, but as there is great reason from the conviction to hold the prisoner, until it be known whether another bill will not be preferred against him, — if that be not done, when the grand jury shall be discharged, he will be released, unless some sufficient legal cause of detention shall be shown.

 Vide ante, page 59

 C.L. 975.

. 2 Leach. 696.