## THE STATE *v.* BRYANT.

An indictment for forgery must set out the instrument forged, in words and figures; and it seems this rule prevails if the forgery consists in the alteration of a true instrument.

An indictment for forgery, effected by inserting words in a genuine instrument, must show, by distinct allegations, the position of the words inserted in the text, so that it may appear how they affect the meaning of the instrument.

INDICTMENT. It was alleged that the respondent, on the tenth day of June, in the year 1842, falsely and fraudulently altered a certain accountable receipt for property, purporting to be signed by one Jonathan Ramsey, which said accountable receipt, so falsely and fraudulently altered, was originally as follows, that is to say : " Received of

John S. Bryant, deputy sheriff, two steers, one heifer, one horse, one hog, ten sheep, all valued at fifty dollars, property that is attached by said Bryant on writs of D. Sloan, E. & Emerson v. D. C. Ramsey, all of which I agree to safely keep and return to the said Bryant, or some other proper officer, on demand, free from expense, and in as good condition as it now is. Jonathan Ramsey. June 10, 1842." By inserting the words, " and M. Harriman," in said accountable receipt, with intent to defraud the said Jonathan Ramsey, contrary to the form of the statute, &c.

It was further alleged, in the second count of said indictment, that the defendant, Bryant, on the tenth day of June, 1842, falsely and fraudulently altered a certain other accountable receipt for property, which said last mentioned accountable receipt, so falsely and fraudulently altered, was originally as follows, that is to say : " Received of J. S. Bryant, deputy sheriff, two steers, one heifer, one horse, one hog, ten sheep, one three years' old colt, all valued at fifty dollars, property that is attached by said Bryant on writs of D. Sloan, E. & Emerson v. D. C. Ramsey, all of which I agree to safely keep and return to the said Bryant, or some other proper officer, on demand, free from expense, and in as good condition as it now is. Jonathan Ramsey. June 10, 1842." By inserting in said last mentioned accountable receipt, under the words D. Sloan, E. & Emerson, the words, " and M. Harriman," with intent to defraud the said Jonathan Ramsey, contrary to the form of the statute, &c.

To this indictment the respondent demurred.

*Wilcox, Perley, & Quincy,* for the defendant. The altered instrument is not set forth in either count of the indictment, and no material alteration is shown. The indictment should set forth the forged instrument. 1 Chit. Cr. L. 192; 3 do. 800; 2 East Pl. 975, sec. 53

State *v.* Bryant.

2 Russ. on Crimes 1480; 2 Cow. 522; 8 Mass. 102; 3 Chit. Cr. L. 813; 4 Wentw. Pl. 25.

The indictment should show the writing on which Ramsey was liable. There is no averment that Ramsey signed the receipt, or that he was liable on it.

*Blaisdell,* Solicitor, for the State.

Woods, J. The first count in the indictment has defects so palpable, that, after pointing them out, neither authority nor argument will be required to show them to be material and fatal.

The alleged alteration set forth in that count, is the insertion into the original receipt of the words, "and M. Harriman," without, in any manner, showing the position occupied by those words in the receipt, or in any manner pointing out their effect and operation upon the instrument, or upon its legal import. In order that the alteration should vitiate the receipt, or render the act of alteration a criminal act, the alteration must be a material one; and in order that the indictment shall be good, it must show what the alteration is, and how it is material. If, as in the first count, it does not appear what is the alteration made, it certainly cannot appear that it is material; that is, that the receipt is materially altered in its terms or legal force.

The second count in the indictment is differently framed, and the question of its sufficiency must be considered.

The charge intended to be made is a charge of forgery; for forgery may as well consist in a fraudulent insertion, alteration or erasure, in any material part of a true document, whereby another may be defrauded, as in making an instrument entirely fictitious for a like purpose. It is not necessary, in order to constitute forgery, that the whole instrument should be false. Such alteration is forgery by the common law and the statute laws of this State. 3 Chit. Cr. L. 445; Rev. Stat., chap. 216, sec. 1.

In each of the counts the original receipt is set out strictly according to its tenor. The receipt in its altered state is not set out according to its tenor, nor is its import alleged. The position of the words inserted, of which the insertion is alleged as the alteration of the instrument, is stated to have been under the words, "D. Sloan, E. & Emerson," without any other description of their position. Two questions arise : First, is it necessary to set out definitely the altered receipt in an indictment for forgery, consisting in the alteration of a genuine one ; or is it sufficient to state the original according to its tenor, and to set forth the alteration in such other manner as will fully disclose the fact of the alteration, and also show its materiality.

And if the latter mode of declaring be sufficient, is the alteration sufficiently set forth, and its materiality shown in the second count ?

In 3 Chit. Criminal Law 466 (ed. 1819), it is said that every indictment for forgery must set forth the instrument charged as fictitious, in words and figures, in order that the court may be able to judge from the record whether it is a document in respect of which a forgery may be committed. And though, in general, figures must not be used in an indictment, yet it is so necessary to set forth a *fac simile* of the instrument forged, that this rule is dispensed with, and the recital should in all respects correspond with the writing charged as a forgery. 1 East 180, notes.

Mr. Russell (2 Russell on Crimes 358, 4th Am. ed.) says, it is essential to an indictment for forgery that the instrument alleged to be forged should be set forth in words and figures, though in general figures must not be used in an indictment.

In East's Criminal Law 975, it is laid down as the general rule, that it is essentially necessary to an indictment for forgery that the instrument alleged to be forged should

State *v.* Bryant.

be set forth in words and figures, though there be no technical form of words.

*Commonwealth* v. *Houghton*, 8 Mass. 107, was an indictment upon a statute of that State against the respondent, for having in his possession more than ten counterfeit bank bills; and it was decided that it was necessary to describe the bills in the indictment; and a motion in arrest of judgment was sustained, upon the ground that the indictment did not set forth the tenor of the bills as to their form, dates, or the person or persons to whom they were payable. Judge *Sedgwick,* in delivering the opinion of the court, remarked, that it would be difficult if not impossible to discover any good or satisfactory reason in support of many of the niceties which are established in criminal proceedings, and which may not be relaxed. In the instance under consideration, however, the reason is very obvious. A particular description of the instrument may enable the party charged more effectually to prepare for his defence, and thus may become a shield to innocence.

In *State* v. *Parker*, 1 Chip. 293, the indictment charged the defendant with passing and giving in payment a certain false, forged and counterfeit bank note; and upon demurrer it was decided that the indictment was insufficient, inasmuch as it did not set forth in words and figures the instrument charged as a forgery, nor allege any facts bringing the case within any of the few exceptions to the general rule requiring such particulars to be set out, such as the possession of the forged instrument by the respondent. It is said in that case, by the learned judge who delivered the opinion, that the precedents of indictments for forgery are uniform on this point. The instrument charged to have been forged is set forth in words and figures, in all the numerous precedents which have been produced, and all the authorities hold it necessary, unless in certain excepted cases.

"There is great reason," says he, "for adhering strictly to these principles. The subject in which the offence is charged to have been committed ought, in reason, to be set forth with great precision, that there may be no mistake in the proof, no possibility of substituting one thing for another; that the accused may know precisely what he has to meet, how to prepare his defence, and how to direct his evidence. This is the right of the accused at common law."

In *The People* v. *Kingsbury*, 2 Cow. 522, the indictment was for having feloniously forged a bond with an intent to defraud one John Sinclair. In that case, it is said by the court, that there is no doubt of the general rule, that the instrument forged must be set forth with particularity and certainty; but to require this unqualifiedly in all cases, without exception, would result in a failure of justice. We think *The Commonwealth* v. *Houghton* puts the true distinction. There are cases, says Judge *Sedgwick*, which form just and necessary exceptions to this rule, as, where the instrument forged has been destroyed by the prisoner, or has remained in his possession.

In *United States* v. *Britton*, 2 Mason 264, which was an indictment for forgery in altering a bank check from $104 to $990, it was said, "it is in general necessary to set forth the tenor of the instrument."

It would seem clear that it is a principle of the common law that in an indictment for forgery it is necessary to set forth, in words and figures, the instrument charged to have been forged; and this principle seems to have been recognized by the courts in several of the neighboring States, and in the circuit court of the United States for the first circuit.

Whether the rule of law on this subject, in case the alleged forgery consists of an alteration of a true instrument, is satisfied with setting forth the original genuine instrument in words or figures, without also setting out

the forged instrument in the same manner, perhaps deserves consideration.

It is very well settled that in case of a material alteration, even where the act prescribing the punishment for the offence has the word "alter" as well as "forge," the offence may be laid as if the whole instrument had been counterfeited; for any alteration of a material part is a forgery of the whole. 2 East P. C. 979. But it is said to be more usual to state, at least in one count, the particular alteration charged as criminal. 3 Chit. C. L. 469.

If the form adopted be that of laying the offence as if the whole instrument were forged, it would seem to be quite clear that the rule of law referred to must be applied; and the reason assigned for the strictness of the law in requiring the forged instrument to be set forth when the offence is laid as a forgery of the whole instrument, is equally applicable to the case where it is laid as consisting in an alteration only. The prisoner has as much occasion to know with precision the character and form of the instrument alleged to be an altered instrument, as he has to know those particulars of an instrument charged to have been wholly forged, if that be to enable him fully to know with what offence he is charged, and to prepare and make his defence.

And upon an examination of the precedents it would seem that, in case of an alleged alteration, the usual if not uniform mode of describing the alteration is to set out the instrument in its original state, and then in its altered state, according to the tenor of each. 3 Chit. Cr. L. 473–482.

There is, therefore, not only reason but authority and precedent for holding that an indictment for forgery, consisting in altering a true instrument, should recite the instrument in its altered state, according to its tenor, in words and figures.

But the case does not require that this point should be

expressly decided, and we therefore forbear to decide it, since the indictment is insufficient upon other grounds, and the demurrer must prevail.

What the alterations are should at least most distinctly appear from the allegations of the indictment. Their materiality can in that way alone be made apparent to the court, and in that alone can the respondent be enabled to know what he is called on to answer. And we are clearly of the opinion that in this case it does not appear, with sufficient distinctness, what the alteration is that the defendant is charged with having made, and the materiality of the change in the effect and tenor of the instrument alleged to have been altered, is not shown.

The alleged alteration is the insertion of the words, " and M. Harriman," in the receipt, under the words, " D. Sloan, E. & Emerson."

The import of the altered receipt is not alleged. There is no allegation in the indictment, other than that which has been named, showing the relation of the words thus inserted to the other words or language of the receipt. It is not made to appear before or after what words in the receipt the inserted words must, from their position upon the paper, be read. No characters or indices are set forth indicating the position which the words were intended to occupy in the text. It may be inferred from the allegations that the inserted words are between the lines which contain the words, " D. Sloan, E. & Emerson," and another line beneath; or that they occupy some position which would give them a like effect in reading.

We may well enough conjecture what was the design of the indictment in relation to the alleged position of the inserted words in the altered instrument. Probably its design was to describe their position as such that in reading they should immediately follow the words, " D. Sloan, E. & Emerson," and preceding the words, "*v.* D. C. Ramsey." This may be conjectured for the reason, only,

State v. Bryant.

that in such relation alone could their insertion be material. But there is no other circumstance indicative of such a design.

That is not sufficient. The materiality of the alteration, without which there would be no crime, depends upon the position of the inserted words in the text, and the order in which they are required, by their position there, with or without the aid of characters, to be read. This position must therefore appear, not by way of inference or conjecture, but by distinct allegation. This the allegations fail to show. It is shown only in the particular of its being beneath the words, " D. Sloan, E. & Emerson." For any thing that is alleged in the indictment descriptive of the position of the words, they may as well be read as a part of the line below as of that which is above them. Indeed, the more usual mode of interlining is to write the words above the line of which they are intended to form a part, with a character beneath the line to denote the place in which they are to be introduced in reading. If nothing of that kind appears, to denote the intended connection of the inserted words with the others in the text, the court are not called on to find a place in which their insertion would constitute a crime, and then, by conjecture, to supply the defects of the indictment so as to make it describe the crime.

In a case like this, a voyage of discovery upon the broad ocean of conjecture, if not too perilous to those who should venture, would be clearly so in relation to the party who might be affected by the result.

For the reason that the alteration effected by the insertion of the words, " and M. Harriman," in the receipt, and the materiality of the alteration, are not sufficiently shown by the indictment, we hold the indictment to be insufficient, and the demurrer must prevail.

*Judgment for the defendant.*