The State v. Baggerly.

THE STATE v. G. G. BAGGERLY.

An indictment for swindling, under the 15th Section of the Act of 1854, after sufficiently alleging the fraudulent intent, alleged that "the Cherokee Baptist Association did then and there execute and deliver to the said G. G. Baggerly their certain promissory note in writing for a much greater sum of money than was justly due to said B. from the said C. B. A., to-wit: the sum of two hundred and three dollars and fifty cents, over and above the amount justly due to the said B." insufficient, because it did describe the note given, with sufficient certainty to identify it.

See this case also as to what an indictment must contain in alleging the false pretences, by which the note was obtained.

Appeal from Smith.    Tried below before Hon.
Indictment for swindling.    Motion to quash sustained.

*Attorney General*, for the State.

*T. J. Word*, for appellee.

ROBERTS, J.   This is an indictment under the 15th Section of the Act of 1854, defining swindling, which reads as follows, (leaving out the part not pertinent to this case,) to-wit : " If any person shall designedly, by any false pretence and with intent to defraud, obtain the signature of any person to a written instrument, the false making whereof would be punishable as forgery, he shall be punished by confinement to hard labor in the penitentiary," &c.   (Laws 1854–3, p. 61.)

To appreciate the meaning of this Statute, we must consider its object.   If a note, purporting to have been given by some person, be forged, the person whose name is forged is injured by an apparent obligation to pay the money being cast upon him falsely and fraudulently without his consent, which puts him upon his defence.   The fact that he may be able to defend against it only diminishes without entirely removing the injury as to him.   As to the public, the injury is equally great by the perpetration of the act, whether it is or can be defended against or not.   For it is the feloneous intent to defraud, thus made manifest in the act of forgery, that injures the public.   The Government does not see fit to exert its power as a party in the punishment of every intent to defraud that may be manifested by acts generally, but only when manifested by particular acts.

What are the acts then under this Statute by which this "intention to defraud" is to be manifested ?   First.  Designedly obtaining the signature of a person to the note, (the false making whereof would be punished as forgery.)   Second. This must be obtained by a false pretence.   In such case the will to make the signature existed it is true, but it was generated by the false pretence of another.   The signature executed by the will thus generated, is regarded by the law as the act of the person who generated it, and not that of the person who actually made it ; and treats it as a felony, just as if it had been forged by him, (except as to the amount of punishment.)

The intention to defraud is, perhaps, sufficiently alleged in the indictment.

Are the particular facts, by which it is made manifest, sufficiently set forth :

1st. Designedly obtaining the signature of a person to the note. The allegation in the indictment is, that the Cherokee Baptist Association " did then and there execute and deliver to the said G. G. Baggerly their certain promissory note in writing for a much greater sum of money than was justly due to the said G. G. Baggerly from the said Cherokee Baptist Association, to-wit: the sum of two hundred and three dollars and fifty cents over and above the amount justly due to the said G. G. Baggerly from the said Cherokee Baptist Association." The word " designedly," used in the Statute, is left out of the indictment. No reason is seen why this is not material, as in the case of obtaining a note as well as of money or other property. In New York, under a similar Statute, it is held to be essential. (Whart. A. C. L. 2144.) What note is here meant ? For what amount was it given, and whose signature was subscribed to it ? In forgery, the note must be set forth if practicable. And if it cannot be done, it should be described and a good reason should be given for not setting it out—as that it has been destroyed, or is in the possession of the defendant, &c. (Whart. Am. C. L., 1470 ; Com. v. Houghton, 8 Mass. 107 ; People v. Badgely, 16 Wend. 53 ; Whart. Am. C. Law, Sec. 311.) The note is the central fact upon which all the other facts in the case must concentrate, and no good reason is seen why it should not be set out or described as in forgery, so that the particular note may be identified and known. With the most liberal construction, it must be held, that it must be so described, as that when presented in evidence there would be reasonable marks of identity. In a case for procuring the execution of a deed, it was held that, it being impossible to identify the instrument, it not being dated, &c., the indictment could not be sustained—there being

no averment that the deed could not be more particularly described.   (Whart. Am. C. L., Sec. 2157 ; State v. Lathrop, 15 Vern. R. 279 ; Sill. v. R., 16 Eng. C. L. 375.)

The indictment is materially defective in this respect.   The amount of the note is not pretended to be stated.   It would not be discoverable on its face that it had been given for two hundred and three dollars too much.   A note for five thousand, as well as one for five hundred dollars, will fill this description. What signature—whether that of the corporate name, if it had any, or that of its principal officer—is not stated.   The only approach to an identification of the instrument is, that it was then and there executed and delivered to G. G. Baggerly; from which it may be inferred that the note was payable to G. G. Baggerly, and was dated on the 12th day of November, 1856—the time laid in the indictment for the commission of the offence—though neither of these facts are alleged by way of intentional description of the note.   There is no reason alleged why a more specific description of the note was not given.

2d. "Obtained by false pretences."   The false pretences alleged in the indictment are, that "he, the said G. G. Baggerly, paid off and discharged freight and glass for the Tyler University, five dollars, and paid sixty dollars and twenty-five cents for glass for said University ; that he paid to one Hudson five dollars costs; and that he loaned to the Cherokee Baptist Association eight hundred and fifty dollars in money, when in fact he only loaned them eight hundred dollars." The object of prefatory remarks, or an inducement in pleading, is to lay a foundation by an explanation of surrounding circumstances, so that the important fact, when alleged, may be placed in bold relief, and its meaning, relation, and pertinency, fully understood at once, without resort to inference or argument.   The necessity of such inducement may be strikingly exhibited by asking a few questions.   What was the occasion of giving this note ?   What relation to, or connection

with Baggerly, had the Cherokee Baptist Association, or had either or both of them, to the Tyler University? What was the occasion or necessity of glass being furnished to the Tyler University; was it not furnished at all; or if furnished, was it by another person; and when did he profess to have paid for it? As to the costs, the fact that it was recognized and allowed as part of the note, raises a presumption that there was some transaction about it, in some way or other, with which the Cherokee Baptist Association had some connection. If so, what connection? Was it due, was it paid at all,—if not by Baggerly, by whom was it paid, and to which one, of all the Hudsons, was it pretended to be paid,—or was it falsely pretended to be paid when in fact there was no such payment, no such debt, or no such "Hudson?"

Was the eight hundred dollars pretended to be loaned at one time or at different times,—was it advanced as an agent or delivered on loan as a money lender,—to whom was it delivered, or professed to be delivered,—on what occasion and at what time? This will suffice to show the absolute necessity of an explanation in this case, in order to see exactly what were the facts pretended by Baggerly to exist, which did not exist, and which were the false pretences complained of.

The false pretence may sometimes be in so simple a transaction, as that the statement of it. with little or no explanation, will be readily and fully understood. But when the transactions, in which the false pretence occurred, are complex and diversified, such introductory explanation is absolutely indispensable. (Wharton's Am. Cr. L., Secs. 2148-9-50-1-2-3-4, and case cited; Com. v. Strain, 10 Met. 522; The State v. Philbrick, 31 Maine R. 401; 2 East. P. C. c. 18, 5, 13, p. 837.) The reason of this is, that an innocent man may know the facts charged against him, and prepare to meet them. Every indictment should be drawn with some reference to this idea. In the minor misdemeanors, it may not be kept in view very closely; but in grave offences, whose punishment may consign

an individual to the penitentiary and to infamy, the law can allow no man to be put upon his trial to answer such a catalogue of uncertainties as is presented in this indictment. (Whart. A. C. L. 285 ; People v. Taylor, 3 Denis, 91.)

The case, indeed, may be one in which a good indictment cannot be drawn. It is not every sort of fraud that is indictable. It may be inferred that the note was given upon the occasion of a settlement of accounts between the parties, and that these false pretences were with reference to items of charge in Baggerly's account then settled, and consisted in fraudulent inserting and claiming these false charges in his account. Our Code has made some such offence ; but it went into force after the date of the offence as laid in the indictment ; and this prosecution is certainly not founded on it. (See Art. 474, Penal Code.) The able brief of Mr. A. H. Willie, who appeared in this case for his brother, the Attorney General, does not discuss the subject in this point of view. Nor has any precedent been furnished or found for it. We do not intend to intimate an opinion, however, that a distinct false pretence in relation to a fact, involved in the settlement of an account, might not be made under circumstances which would make it an offence. That may be entirely different (and stand upon a different ground) from the case of an incorrect and false item in an account, that is presented for payment, and thereby claimed to be due. In any point of view, we deem the indictment wholly insufficient—the second count being no better than the first.

Judgment affirmed.