The State *v.* Hays.

---

---

### THE STATE *v.* HAYS.

"BANK BILLS"—"BANK NOTES."—The terms, "bank bills" and "bank notes," are synonymous in their popular sense, and, under §§ 58 and 59, 2 G. & H. 403, they must be held to be identical in their legal signification.

CRIMINAL LAW AND PRACTICE.—An indictment which describes the property stolen as "three bank bills of the description and denomination following, viz: one five dollar bank bill on the *Hartford Bank of Connecticut,* of the value of five dollars," &c., is sufficient as to the description of the property.

APPEAL from the *Wabash* Circuit Court.

The State *v.* Hays.

DAVISON, J.—The indictment, in this case, charges the defendant with having stolen "three bank bills, of the description and denomination following, viz: one five dollar bank bill on the *Hartford Bank of Connecticut*, of the value of five dollars; one two dollar bill on the *Bristow County Bank*, *Taunton, Massachusetts*,, of the value of two dollars; and one one dollar bill on the *Merchants' and Manufacturers' Bank*, *Pittsburgh, Pennsylvania*, of the value of one dollar." Plea, not guilty. Verdict and judgment for the defendant.

The record contains a bill of exceptions, which shows, that "during the progress of the trial, the State offered in evidence a paper, which is, in part, in the words and figures following:"

"5 *Hartford Bank.* 5
"Will pay five dollars to the bearer on demand. *Hartford, September*, 1860.

"JAS. BOLTEN, Cashier.
"H. A. DIKON, Pres.t."

An objection to the admission of this paper in evidence was sustained by the Court, and the State excepted.

The paper offered in evidence is plainly within the description of a bank note. Is it also a bank bill? In other words, are the terms, "bank note" and "bank bill," synonymous? If they are, then the instrument offered in evidence is sufficiently described in the indictment, and should have been admitted. 2 R. S. (G. & H.) p. 403, §§ 58, 59. *Webster*, in his Dictionary, says: "Bank Bill—In *America*, the same as bank note." And the Constitution, art. xi, sec. 1, is in these words: "The General Assembly shall not have power to establish or incorporate any bank or banking company, or monied institution, for the purpose of issuing bills of credit, or bills payable to order or bearer, except under the conditions prescribed in this Constitution." Thus, it will be seen,

that the word note is not used in this section, and yet it designates a bill "payable to bearer," in such language as plainly makes it descriptive of the instrument proposed as.evidence in this case. And, so far as we are advised, the words, "bank bill" and "bank note," in their popular sense, are used to designate the same identical thing. That being the case, the Court, in its refusal to admit the evidence, committed an error.

*Per Curiam.*—The appeal is sustained.

*Oscar B. Hord,* Attorney General, and *T. C. Whitesides,* Prosecuting Attorney, for the State.