## HICKEY *v.* THE STATE.

LARCENY—ROBBERY.—The defendant was indicted and convicted for grand larceny, but the proof showed that he had committed robbery.

*Held,* that larceny is included in robbery, and that the state had the right to elect to prosecute and convict for the former, though she thereby deprived herself of the right to prosecute for the latter.

TREASURY NOTES.—Where the indictment charged larceny of treasury notes, it was held sufficient to prove that the property stolen was "greenbacks."

APPEAL from the *Vanderburgh* Circuit Court.

DAVISON, J.—Prosecution for grand larceny. The indictment charges the defendant with having stolen two

*United States* treasury notes, each of the denomination and of the value of $20, and one *United States* treasury note of the denomination and value of $5, the property of one *Peter Jourdan.* Verdict against the defendant; new trial refused, and judgment. *Jourdan,* being produced, testified as follows: "My name is *Peter Jourdan.* On the 28th of *September,* 1863, between eleven and twelve in the forenoon, I went to the *Zouave Exchange,* in the city of *Evansville.* There was a man in company with me. I did not know him. We took a drink together. Afterward we left together. We went to the *Mansion House,* in the same city, together. I had money, consisting of two notes, each of the value of $20, and one note of the value of $5. They were *greenbacks.* The man who was with me took me out to the common, knocked me down, kicked me several times, choked me while I was down, and during the scuffle took from my pocket the aforesaid money. He tore my pants in robbing me, and then ran away. I am not certain that defendant is the man, but think he is." Further testimony, given on the trial, very plainly identified the defendant as the man who committed the crime.

Here the defendant was indicted and convicted for grand larceny; but the proof is that he committed a robbery; hence, it is argued, that the conviction was erroneous. Grand larceny is to "feloniously steal, take, and carry away the personal goods of another, of the value of $5 or upward." Robbery is thus defined: "Every person who shall, forcibly and feloniously take from the person of another any article of value by violence or putting in fear, shall be deemed guilty of robbery," etc. 2 G. & H., sections 18, 19, page 442. Robbery has been adjudged to be "larceny, committed by violence, from the person of one put in fear." The latter is said to be included in the former; and, as a general rule, "a criminal person may be holden for any crime, of whatever nature, which can be carried out of his act." 1 Bishop's

Crim. Law, sections 419, 536, 682; 2 *Id.*, sections 966, 973, 675, 410, 707, 973; see also Lewis's Crim. Law, 450, 455; 466. *The People* v. *McGowan,* 17 Wend. 386, was an indictment for grand larceny. The defendant pleaded a former trial and acquittal on the charge of robbery, the property taken in each case having been the same. The court held the plea sufficient, and in its opinion said: " The first indictment, though for robbery, involved the question of simple larceny, of which the prisoner, under that indictment, might have been convicted. So far, therefore, as the nature of the offense is concerned, the plea was valid. The prisoner had, within the issue, been tried and acquitted of the larceny. The same proof would sustain either indictment to the extent necessary for the purposes of the plea." We think that larceny is included within robbery, and that the state had, in this instance, the right to elect to prosecute and convict for the former, though by that she deprived herself of the right to prosecute for the latter. But it is insisted that the evidence is insufficient; that the indictment charges the larceny of treasury notes, while the proof is that the property stolen was *greenbacks.* There is, it seems to us, nothing in this objection. The term " greenback " is the popular and almost exclusive name applied to all *United States* treasury issues, and is not applied to any other species of paper currency; and this being the case, the expression used in the evidence is, in point of description, as certain as if the phrase " treasury notes " had been used. This is not a case in which any great degree of particularity in the description of the property in the indictment is required. It is not necessary that the witness should use the exact language of the pleading; but any language which shows, with certainty, to the court and jury, that he intends to designate the property described in the indictment, will be sufficient. When, in this instance, the witness testified that " greenbacks " had been taken from him,

he no doubt intended the jury to understand that treasury notes were taken, and their verdict shows that they did so understand him. 2 G. & H., p. 403, secs. 58, 59. But the view we have taken is fully sustained in *The State* v. *Hays*, 21 Ind. 176, which we deem an authority in point.

*Per Curiam.*—Judgment affirmed, with costs, etc.

*Charles Denby*, for appellant.

*Oscar B. Hord*, Attorney General, and *Charles E. Marsh*, for the State.