## R. W. Martin v. The State.

False Personation of Another.—The offense, defined in Article 450 of the Penal Code, of falsely personating another and authenticating a conveyance for registration (Pasc. Dig., Art. 2112), is nearly allied to forgery, and indictments for the former offense should be framed with an equal degree of certainty and particularity as is required in indictments for the latter. For instance, the falsely authenticated instrument should be set out, or cause be shown for not setting it out; the property to be affected by it should be sufficiently described; the purpose of the acknowledgment should be averred, and the authority of the accused to make it should be negatived. See this case for an indictment held insufficient in these respects.

Appeal from the District Court of Madison. Tried below before the Hon. W. D. Wood.

The opinion sets out the material portion of the indictment, and all other necessary matters.

*Abercrombie & Goree*, for the appellant, filed a very able argument.

*George McCormick*, Assistant Attorney General, for the State. Appellant was convicted for falsely personating another, and acknowledging the execution of a deed to land, under Article 2112, Paschal's Digest.

Under that statute it seems that the offense is complete when,

1st. A person falsely personates another; that is, when he goes before the officer to acknowledge the instrument, and falsely assumes and represents himself to be another.

2d. The officer must be one authorized by law to authenticate instruments for record.

3d. The instrument must purport to affect or convey an interest in property.

4th. The instrument must falsely pretend to be the act of the person whose name is thus assumed.

5th. The instrument and the acknowledgment must be such as is entitled to be recorded under our registration laws.

Then the gist of the offense consists in the act of *going before* the proper officer and there assuming the name of another, and in such assumed character acknowledging the execution of an instrument purporting to affect or convey an interest in property.

It is not necessary that the instrument should afterwards be recorded; the offense is complete when the acknowledgment is made.

The offense is thus complete without any person having been defrauded. There need be no allegation of fraud in the indictment; no averment of such fraudulent intention.

The offense is a different one from that of *forgery*. The latter is defined by Blackstone to be " the fraudulent making, or the alteration, of a writing to the prejudice of another man's right." And it has been always held that indictments for forgery should contain a description of the instrument forged or altered. But it is submitted that a substantial compliance with the language of the statute, in the case at bar, is sufficient, and that the offense is sufficiently set out in the indictment in this case.

WINKLER, J. The indictment charges " that, in the said county of Madison, and state of Texas, on the fifteenth day of October, eighteen hundred and seventy-four (1874), one R. W. Martin, whose christian name is to the grand jurors unknown, did willfully, and feloniously, and falsely personate himself as S. D. Thompson, and in such falsely assumed character and name then and there, before Rienzi Mahorner, the duly elected and qualified clerk of the district court of said Madison county, and then and there acting as such officer in his official capacity, acknowledged the execution of a deed or conveyance in writing, purporting to convey two

hundred acres of land in Brown county, in said state of Texas, the particular description of which land by said grand jurors is unknown, except the land aforesaid was granted to one B. H. Garvin, assignee of some one to the grand jurors unknown, said written deed or conveyance purporting to have been executed on the fifteenth of June, eighteen hundred and seventy-four, and said deed or conveyance in writing then and there purporting to be the act and deed of said S. D. Thompson, whose name was so falsely assumed by said R. W. Martin as aforesaid, and said acknowledgment by said Martin being then and there such as legally entitled such deed or conveyance in writing to be registered."

The statute under which this indictment was found (Art. 450 of the Penal Code) provides: "If any person shall falsely personate another, whether bearing the same name or not, and in such assumed character shall, before any officer authorized by law to authenticate instruments of writing for registration, acknowledge the execution of any instrument of writing purporting to convey, or in any manner affect, any interest in property, such instrument purporting to be the act of the person whose name is so assumed, and the acknowledgment thereof being such as would entitle the instrument to be registered, he shall be punished," etc. Pasc. Dig., Art. 2112.

The accused, in a motion in arrest of judgment, makes the following objections to the indictment:

1st. It does not commence, "In the name and by the authority of the state of Texas."

2d. It does not set forth the offense in plain, intelligible words.

3d. Because there is no sufficiently definite description of the land described and conveyed by said deed or conveyance.

4th. Said indictment is otherwise too vague, indefinite, and uncertain in its allegations and averments.

5th. It charges no offense known to the laws of this state.

6th. It does not charge that the officer before whom it is averred that the acknowledgment was taken was then and there authorized to take acknowledgments of the execution of deeds for registration.

7th. The indictment is otherwise insufficient in law to sustain the verdict given.

The Code of Criminal Procedure, in Article 395, prescribes the requisites of an indictment. The 7th requisite is : "The offense must be set forth in plain and intelligible words." Pasc. Dig., Art. 2863.

It is not necessary to state anything in an indictment which it is not necessary to prove. Pasc. Dig., Art. 2864. The certainty required in an indictment is such as will enable the accused to plead the judgment that may be given upon it in bar of any other prosecution for the same offense. Pasc. Dig., Art. 2865.

In *Alexander* v. *The State*, 19 Texas, 496, it is said : "One of the requisites of an indictment is that the offense must be set forth in plain and intelligible words." This does not mean merely that the indictment must allege that the party accused has done some act which is an offense against the laws, nor does it mean that it is enough to say in an indictment that the accused committed murder, or an assault, or stole a horse, or the like. There must be some particularity, or what the law calls certainty, in an indictment. The particular act of which the state complains must be set forth in plain and intelligible words, so that the party who is accused may know what he will be called to answer, and may be able to prepare for his defense. "The transaction of which the party is accused must be identified with reasonable certainty."

In *The State* v. *Hanson*, 23 Texas, 233, where the party was charged with publishing an indecent newspaper called

the "John Donkey," manifestly designed to corrupt the morals of the youth of the county, the court say :

"The plain inference from the words used in the indictment is, that the newspaper contained a 'printed or written composition' that was indecent and obscene. The composition or print should have been set out, or such description given of it as that the court could judge of its character in reference to the alleged indecency and obscenity. Without this, the particular offense intended to be charged, amidst the various offenses of this class, would not be identified so as to enable the defendant to know what he had to meet, and, after a conviction or acquittal on this charge, to plead it in bar of another prosecution for the same offense."

The offense charged in the indictment under consideration, it would seem, is near of kin to forgery. In 2 Bishop it is said, section 544 : "Of course, if a man personates another, and fraudulently writes another's name, it is forgery, for this is the common case and it requires no illustration," citing Dixon's Case, 2 Lew. C. C., 178.

In The State v. Baggerly, 21 Texas, 759, it was said: "In forgery the note must be set forth, if practicable. If it cannot be done, it should be described, and a good reason should be given for not setting it out—as that it has been destroyed, or is in the possession of the defendant," etc., citing Whart. Am. Cr. Law, 1470; Commonwealth v. Houghton, 8 Mass. 107; People v. Badgely, 16 Wend. 53; Whart. Am. Cr. Law, sec. 311.

We see no valid reason why the same rule which applies in forgery should not apply in case of falsely personating another in acknowledging a deed for registration.

From the investigation of authorities we have been enabled to make, some of which have been referred to above, we are of the opinion that in this case it was necessary to set out the instrument charged to have been falsely authenti-

·cated, or some valid reason given for not setting it out. As the indictment stands, there is no sufficient description of the land intended to be conveyed by the attempted acknowledgment made by the false personation of another. From the description it is not stated positively to whom the land was granted, except that it was granted to one B. H. Garvin, assignee of some one to the grand jurors unknown, and the deed or conveyance purporting to convey 200 acres of land in Brown county, in the state of Texas. The indictment charges that the instrument was acknowledged before the duly elected and qualified clerk of the district court of Madison county, acting in his official capacity, but does not allege that the acknowledgment was made for the purpose of having it registered, either in Brown county ·or elsewhere, or for what purpose the acknowledgment was made, or the purport of the acknowledgment; nor does it state, except inferentially, who was the grantor or grantee in the instrument; nor does the indictment negative the idea that the accused was authorized by the grantor to make the acknowledgment.

From the foregoing we hold that the indictment is insufficient, and that the motion in arrest of judgment should have been sustained. The judgment in this case is reversed and the cause dismissed.

*Reversed and dismissed.*