Filed Nov. 7, 1889.

---

No. 15,260.

HAMMOND v. THE STATE.

CRIMINAL LAW.—*Larceny of Money.—Description.—Indictment.—Sufficiency of.—Evidence.—*An indictment for the crime of larceny, in proper form, which charges that the accused, of a county named, "did then and there feloniously steal, take, and carry away five dollars in money, then and there being of the value of five dollars, and of the goods and chattels of A. B., contrary," etc., is, under section 1750, R. S. 1881, a sufficient indictment; and under such indictment any of the different species declared to be money in the section named may be proven.

From the Benton Circuit Court.

*M. H. Walker* and *G. H. Gray,* for appellant.

*R. W. Marshall,* for the State.

BERKSHIRE, J.—The appellant was indicted, tried, and convicted of the crime of larceny. He appeals, and assigns as error that the court erred in overruling his motion to quash the indictment. The indictment is as follows, omitting the caption :

Hammond v. The State.

"The grand jurors of said county, in the State of Indiana, good and lawful men, duly and legally empanelled, charged and sworn to inquire into felonies and certain misdemeanors in and for the body of said county of Benton, in the name and by the authority of the State of Indiana, on their oaths present, that one William Hammond, late of said county, on the 24th day of September, A. D. 1889, at said county and State aforesaid, did then and there feloniously steal, take and carry away five dollars in money, then and there being of the value of five dollars, and of the goods and chattels of John Brady, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State of Indiana.                    R. W. MARSHALL,

                                    " Prosecuting Attorney."

We think the indictment is good. Section 1750, R. S. 1881, reads as follows:

"In every indictment or information for the offences referred to in this act, in which it is necessary to make an averment as to any money, or bank bills, or notes, United States treasury notes, postal and fractional currency or other bills, or notes issued by any lawful authority, and intended to pass and circulate as money, it shall be sufficient to describe such money, bills, notes, or currency simply as money, without specifying any particular coin, note, bill, or currency; and such allegation shall be sustained by proof of any amount of coin or of any such note, bill, or currency, although the particular species of coin of which such amount was composed or the particular nature of such note, bill, or currency be not proved."

Under this section of the statute the indictment is sufficient, if not good, without it, a question we are not called upon to decide.

The section is found in the criminal code, and covers the crime of larceny. Riggs v. State, 104 Ind. 261; Graves v. State, ante, p. 357.

VOL. 121.—33

As applicable to all criminal prosecutions to which the said section of the statute refers everything therein named,. which circulates as money, is declared to be money ; and under an indictment alleging a larceny of money any one of the different species therein declared to be money may be proven.

This imposes no great hardship upon the accused. The statute informs him of what may be proven under the charge,. and the value of the bill or note, or whatever it may be alleged to have been stolen, and the name of the owner of the property must be given.

Before the enactment of the said statute no great strictness was required as to the description of property in an indictment, or in the proof in prosecutions for larceny. *Hickey* v.. *State*, 23 Ind. 21 ; *State* v. *Hays*, 21 Ind. 176.

Judgment affirmed, with costs.

