### State of Iowa v. H. Williams, Appellant.

Larceny From the Person: INDICTMENT: SUFFICIENCY OF DESCRIPTION. In an indictment for larceny from the person, the property stolen was sufficiently described as "a certain dark colored pocketbook and its contents, consisting of one hundred and ten dollars, a more particular description of which is to this grand jury unknown."

Same: ATTEMPT TO ESCAPE: EVIDENCE OF GUILT. Where a crime has been committed, and immediately thereafter the defendant attempts to escape or avoid arrest, that fact may be shown and considered as a circumstance tending to show guilt.

Value of Property Stolen. It is not necessary that the jury find the *market* value of the property stolen.

Same: SENTENCE SUSTAINED. Sentence sustained as not excessive in view of the nature and circumstances of the offense.

*Appeal from Hancock District Court.*—Hon. C. H. Kelley, Judge.

Wednesday, December 17, 1902.

Defendant, with others, was indicted for larceny from the person, under Code, section 4837, which provides that for such offense the sentence shall be imprisonment in the penitentiary not exceeding fifteen years. Defendant was tried separately, and convicted, and was sentenced to ten years' imprisonment in the penitentiary at hard labor, and from this sentence he appeals.—*Affirmed.*

*A. C. Ripley* and *H. N. Boardman* for appellant.

*Chas. W. Mullan*, Attorney General, and *Chas. A. Van Vleck*, Assistant Attorney General, for the State.

McCLAIN, J.—So far as the facts are material for the determination of this appeal, the evidence as set out in the record tends to show the following: That one Cummings, while entering a railroad car as a passenger, and while upon the platform of the car, was jostled by defendant and others, and his pocketbook was stolen from his inside vest pocket; that, upon an outcry being made by Cummings, this defendant got off the platform of the car where Cummings was, and, passing along the next passenger car on the side opposite from the station platform where the train was standing, entered the second car from the place where the larceny was committed, and, passing through that car, entered the toilet-room, locking the door after him; that, on demand of the conductor, he came from the toilet-room, and was put off the train and placed under arrest by persons who were interesting themselves in finding the person or persons who committed the larceny. The testimony of Cummings identified the defendant as the person who took his pocketbook, although it was not found in defendant's possession.

I. One assignment of error is as to the sufficiency of the description, in the indictment, of the property which defendant is alleged to have stolen. The portion of the

1. DESCRIPTION of stolen property: sufficiency of.

description complained of is, "a certain dark-colored pocketbook and its contents, consisting of $110 in current money of the United States, and of the value of $110, a more particular description of which is to this grand jury unknown." This question has recently been passed upon by this court with reference to an indictment in which the description was

"$22.50 in lawful money of the United States, of the value of $22.50," and it was held that the description was suffi-icent. *State v. Fisher*, 106 Iowa, 658. Certainly the description in the indictment now before us is equivalent to that which is upheld in the case just cited. While such description has been held not sufficient at common law, there have been statutes in many of the states particularly modifying the common law in this respect, under which such description has been held good. *Brown v. People*, 29 Mich. 232; *Hammond v. State*, 121 Ind. 512, 23 N. E. Rep. 515; *Randall v. State*, 132 Ind. 539, 32 N. E. Rep. 305; *State v. Freeman*, 89 N. C. 469. Our general statutory provision with reference to the sufficiency of an indictment, which declares that no indictment shall be held insufficient for any matter which was formerly a defect or imperfection, and which does not tend to prejudice the substantial rights of the defendant upon the merits (Code, section 5290), would seem to serve the same beneficial purpose as the specific statutes found in these states with reference to indictments for larceny. Moreover, if there were any insufficiency in the description, it is cured by the allegation that a more particular description of the property is to the grand jurors unknown,—that appearing from the evidence to be the fact. *Chisholm v. State*, 45 Ala. 66; *State v. Fisher*, 106 Iowa, 658; *Ridgeway v. State*, 41 Tex. 231.

II. Some question is made as to rulings in the admission of testimony of witnesses as to the persons in whose company defendant was seen on the day when the crime was committed, and prior to its commission. We see no error in these rulings. It was certainly competent to show what the defendant was doing, and with whom he was seen, at a time near to and prior to the commission of the offense. The assignment requires no further discussion.

Another assignment of error relates to the giving of an instruction in which the jurors were told that, if they

found beyond a reasonable doubt that the pocketbook was

**2. SAME: attempt to escape evidence of guilt.** stolen from Cummings, and that immediately thereafter the defendant attempted to escape or avoid arrest, such attempt might be considered as a circumstance tending to show his guilt, and that they might give such weight to the same, if any, as they believed it clearly entitled to. The complaint is that the evidence did not justify an instruction on the subject, and that the instruction given places undue emphasis on the circumstances shown as indicating an attempt to escape. We find, however, that there is no merit in either of these contentions. Certainly the fact that defendant went from the place where the crime was committed immediately on an outcry being made, and locked himself in a toilet-room while the train was still standing at the station, was entitled to consideration as showing an attempt to escape, and while that act would not, of course, necessarily show guilt, and might be sustained as consistent with innocent motives, such as a desire to avoid trouble or unjust suspicion or detention, the weight and consideration to be given to it were for the jury. The instruction does not do more than direct the attention of the jury to the fact as one which they may consider. It is a correct statement of the law, and, in the absence of any request for further instructions or qualifications, it was not erroneous as applied to the facts. Although the court embodied this proposition in a different instruction from that in which it referred to the sufficiency of proof by circumstantial evidence, nevertheless we see no error in doing so. It is not required to embody the whole law as to the case in one instruction.

III. It is complained that in the verdict the jury found simply the value of the property stolen, and not its market

**3. SAME: value of property stolen.** value. There is nothing in the statute requiring that a verdict shall show that the finding was of the market value.

IV.   We are asked to reduce the sentence, which was of imprisonment at hard labor for a period two-thirds of that allowed by the statute as the maximum punishment.   If 4. SAME: sentence sustained. defendant was guilty, he was guilty of an atrocious offense, under circumstances indicating willfulness and deliberation.   We see no reason to think that the sentence was excessive.   As to the objection that the sentence was to imprisonment at hard labor, it is sufficient to say that under Code, section 5675, "all punishment in the penitentiary by imprisonment must be by confinement to hard labor."   The sentence, therefore, followed the law, although it was unnecessary to expressly specify hard labor as a part of the sentence.

We find no error in the record, and the judgment of the lower court is AFFIRMED.