## 689. McDONALD *v.* THE STATE.

1. The courts will judicially recognize that the word "dollar" is the money unit of the United States of the value of one hundred cents, and will also recognize the different kinds and denominations of the currency issued by the United States.

2. The courts judicially know that the term "greenback" is the popular name used to designate a certain species of the currency of the United States.

3. The description of the property stolen in an accusation for larceny as "ninety dollars of the lawful currency of the United States of America" is sufficiently proved by evidence that the money was in ten and twenty dollar bills; that one of the bills had the word "gold" on it and the rest of the money was "greenback."

4. The evidence required the judgment rendered, and there was no error of law.

Certiorari, from Baldwin superior court—Judge Lewis. June 8, 1907.

Submitted October 7,—Decided October 14, 1907.

*Kenan & Crawford,* for plaintiff in error.

*J. E. Pottle, solicitor-general, Carl Vinson,* contra.

HILL, C. J. The plaintiff in error was tried by the judge of the county court of Baldwin county, without a jury, on an accusation charging him with simple larceny. He was adjudged guilty, and thereupon petitioned for a writ of certiorari; his petition was sanctioned and the writ granted. On the hearing of the certiorari by the judge of the superior court, the same was overruled; and to this judgment error is assigned.

There is but a single question made by the record for the decision of this court. Was the property alleged to have been stolen sufficiently proved as described in the accusation? The accusation describes the property feloniously taken and carried away as "ninety dollars of the lawful currency of the United States of America of the personal goods of one Jordan Lord of the value of ninety dollars." The evidence pertinent to said allegation and descriptive of the property stolen is as follows: The prosecutor testified: "This money [referring to the stolen money] was in ten and twenty dollar bills. I counted it, and there was ninety dollars in it." This money was given me in payment of a check on the Merchants and Farmers Bank at Tennille, at said bank. This money was "in my pocket-book, a black leather book, with 'Mer-

chants and Farmers Bank of Milledgeville' stamped on it. . .
I don't know just what kind of money was in the book. It was
paper bills, tens and twenties, such as I have used every two weeks
for the last three years and passed as money. I never read any
of the bills, except the figures on them showing the amount of each
bill, and do not know whether they were issued by the United
States government or the Bank of England, or any other bank. All
I can say about that is that it was the kind of money that I have
gotten from banks and used, and other people have used. It was
worth ninety dollars." Another witness described the money as
follows: "I counted the money twice. There was ninety dollars
in all, three twenty-dollar bills and three ten-dollar bills.
One of the bills had 'Gold' on it; the rest of it was greenback."

It is well settled that the accusation need not have alleged that
the property or money stolen was lawful currency of the United
States; yet if alleged, the description must be proved as laid. *Watson* v. *State, 64 Ga.* 61; *Fulford* v. *State, 50 Ga.* 591. "If a nec-
essary allegation is made unnecessarily minute in description, the
proof must satisfy the description as well as main part, since the
one is essential to the identity of the other." 1 Bishop's New
Criminal Procedure, §485. See Clark's Crim. Procedure, 182. In
our opinion, the proof sustained the allegation as laid in the accu-
sation. In other words, we think that the evidence sufficiently
shows that the property alleged to have been stolen was lawful
currency of the United States of America. The prosecutor de-
scribed the property stolen as ninety dollars in money, in ten and
twenty-dollar bills, such as he had used every two weeks for three
years and passed as money, the same kind of money that he had
gotten from banks and used, and other people had used. The
courts will judicially recognize that the word "dollar" is the money
unit of the United States, of the value of one hundred cents. The
word "dollar" imparts to the common understanding the meaning
of a thing of value; and when the charge is that the defendant
stole ninety dollars in lawful currency of the United States, it
means, by common understanding, that that amount of money in
coin, banknotes or notes issued by the government of the United
State, was stolen by him. Leonard *v.* State, 115 Ala. 80 (22 South.
564). The courts also will judicially recognize that among the de-

nominations of currency issued by the government of the United States are $10 and $20 treasury notes and national bank notes.

Under the allegations of the accusation, the currency in question might either have been coin or notes or bills issued by authority of the United States. Under the evidence, it is definitely shown that the currency in question was either notes or bills issued by national banks of the United States, or treasury notes of the United States. It matters not which, for both are lawful United States currency. No money of the denomination of $10 and $20 bills is current in and circulates throughout the United States as a medium of trade except the foregoing. The evidence is that these bills were procured at a bank and were similar to the money which had been used by the prosecutor for years, as well as by other people.

There can be but one rational conclusion from the foregoing evidence that the $90 stolen was lawful currency of the United States. Another witness describes the money as "three twenty-dollar bills and three ten-dollar bills. One of the bills had 'Gold' on it; the rest of it was greenback." The term "greenback" is a popular name applied to all United States treasury notes. This being the case, it is as certain in the description of the property stolen as if the phrase "treasury notes" had been used. Hickey v. State, 23 Ind. 21. United States notes are commonly known as "greenbacks." United States v. Howell (C. C.), 64 Fed. 110. In an indictment which alleges the larceny of eighty dollars in money consisting of ten-dollar bills and twenty-dollar bills, currency of the United States of America, if the evidence shows that the money stolen consisted of "greenbacks," without any other description, there is no variance. Gady v. State, 83 Ala. 429 (3 So. 429) ; Levy v. State, 79 Ala. 259. Where the indictment charged larceny of treasury notes, it was held sufficient to prove that the property stolen was "greenbacks." Hickey v. State, 23 Ind. 21. Treasury notes of the United States, or, in common parlance, "greenbacks," are lawful currency of the United States, and a legal tender in the payment of all debts, private or public. Act of Congress, May 31, 1878, c. 146 (20 Stat. 87, U. S. Com. St. 1901, p. 2397) ; Legal tender case, 110 U. S. 421 (28 L. ed. 204, 4 Sup. Ct. 122).

We think also that the fact, as testified to, that one of the bills had the word "Gold" printed on it, strongly indicated that it was a "Gold certificate," or lawful currency issued by authority

of the United States. Besides, the court judicially knows that treasury bills, or greenbacks, and gold certificates, as matter of law, are, prima facie, of commercial value equal to that imported by their face; but there was both allegation and positive proof that these bills were of the value of ninety dollars. In short, we are clearly of the opinion that the evidence in this case sufficiently established the allegations made in the accusation, that the money stolen was lawful currency of the United States. To hold otherwise would be absurd, and, under the undisputed facts in this case, a palpable miscarriage of justice. The judgment the lower court in overruling the certiorari is therefore affirmed.

*Judgment affirmed.*