## 3580. JONES *v.* THE STATE.

1. "The courts judicially know that the term 'greenback' is the popular name used to designate a certain species of the currency of the United States."
2. The evidence amply authorized the verdict of guilty, and no error of law appears.

DECIDED NOVEMBER 7, 1911.

Indictment for robbery; from Dougherty superior court—Judge Frank Park. June 5, 1911.

Rebecca Jones was convicted of robbery. The evidence introduced by the State tended to show that she had conspired with certain others to entice the prosecutor under a railway trestle, where he was robbed of $135. She admitted her presence at the robbery, but denied that she took part in it. She stated that she and the prosecutor were passing under the trestle, when he was robbed by others, and that as soon as they grabbed him she broke and ran. There was also evidence from which the jury could have found an alibi. The man who was robbed identified the defendant as the one who had enticed him under the trestle, and testified that before they got there she waited until one of the men, who she says

did the robbing, could join them. He testified, also, that she participated in the actual robbery.

*R. J. Bacon,* for plaintiff in error.

*W. E. Wooten, solicitor-general, F. A. Hooper,* contra.

RUSSELL, J.   1. The man robbed testified as follows: "I was robbed of $135 of lawful money. It was greenback money, and would pass. It was my individual money, and it was all paper money, greenbacks in fives and tens." It is claimed that there is a variance in this proof from the allegation in the indictment, which charged the robbery of $135 of lawful money. "The courts judicially know that the term 'greenback' is the popular name used to designate a certain species of the currency of the United States." *McDonald* v. *State, 2 Ga. App.* 633 (2), (58 S. E. 1067).

2. The evidence practically demanded the verdict of guilty. The charge was free from error. The assignments of error based on the failure of the judge to charge the principles of law therein stated show that no written requests were submitted, and in the absence thereof the defendant can not complain.

*Judgment affirmed.*