**FERNANDEZ et al.**

v.

**UNITED STATES.**

No. 14675.

United States Court of Appeals,
Fifth Circuit.

May 11, 1954.

Pat Whitaker, Tom Whitaker and John R. Parkhill, Tampa, Fla., for appellants.

J. Hardin Peterson, Jr., Asst. U. S. Atty., Lakeland, Fla., James L. Guilmartin, U. S. Atty., Miami, Fla., Vernon W. Evans, Jr., Asst. U. S. Atty., Tampa, Fla., for appellee.

Before STRUM and RIVES, Circuit Judges, and DAWKINS, District Judge.

RIVES, Circuit Judge.

The defendants were convicted and each of them was sentenced to one year's imprisonment under an indictment charging:

"That Manuel Fernandez * * *, Theo John Lelekis * * *, and * * *, being then and there engaged in carrying on the occupation of accepting wagers, as defined in Section 3285(b) (1) (C) and (2), Title 26, United States Code, did wilfully, during the month of May 1952, at and in the County of Polk, in the Southern District of Florida, fail to register and pay the special tax required by law to be paid by them; in violation of Sections 2707, 3285, 3290, 3291, and 3294, Title 26, United States Code."

The opinion in Contreras v. United States of America, 5 Cir., 213 F.2d 96, sufficiently disposes of the attacks upon the validity of 26 U.S.C.A. § 3294, and upon the sufficiency of the indictment.

These appellants also insist that the court erred in denying the motion of each for a directed verdict of not guilty. The Government examined six witnesses. The defendants offered no testimony. The jury had a right to believe the following facts. One Bowen, named as a defendant in the indictment but not involved in this appeal, had rented a room in an old log house situated on a clay road about three-quarters of a mile off the highway and surrounded by a citrus grove. The rental was in March, 1952, following which a padlock was put on the door, and Bowen accompanied by the two appellants and no one else came to this room every Saturday between 1:30 p. m. and 2:00 p. m. from that time until May, 1952, when the raid occurred. On one of the Saturdays, they were observed carrying an adding machine into the room. The officers found two adding machines,

"bolita" tickets in a strong box, "tally sheets" containing the names of sellers and the amounts sold. The defendants and Bowen were captured after an automobile chase. Back tracking through the citrus grove, and following the only car tracks, a bundle was found on the ground six or eight feet from the car tracks containing bolita or Cuba numbers. It was proved that neither of the defendants had registered or paid the special tax imposed upon persons engaged in receiving wagers. 26 U.S.C.A. §§ 3290, 3291. We think that the evidence sufficiently connected the defendants with the room in the log cabin to make its contents admissible against them, and that the jury might reasonably infer that the bundle was thrown from the speeding car in which the defendants and Bowen were riding so that the contents of that bundle were also admissible against them. Upon a comparison of the sheets and tickets in the bundle with those found in the room, the jury could have concluded that the names of many of the same sellers appeared on both sets. We think that the evidence was sufficient to sustain the jury's verdict.

Finding no error in the record, the judgment is

Affirmed.