**SULLI v. UNITED STATES.**
No. 14673.

United States Court of Appeals,
Fifth Circuit.
May 11, 1954.

Rehearing Denied June 4, 1954.

Frank Ragano, Tampa, Fla., for appellant.

J. Hardin Peterson, Jr., Lakeland, Fla., Vernon W. Evans, Jr., Asst. U. S. Attys., Tampa, Fla., James L. Guilmartin, U. S. Atty., Miami, Fla., for appellee.

Before STRUM and RIVES, Circuit Judges, and DAWKINS, District Judge.

RIVES, Circuit Judge.

The appellant was convicted, fined $2,000 and sentenced to one year's imprisonment under an information which charged:

"That during the month of January, 1953, in Tampa, Hillsborough County, Florida, in the Southern District of Florida, Charlie Sulli, who was then and there engaged in the business of accepting wagers as defined in Section 3285(b) (1) (C) and (2), Title 26, United States Code, did wilfully and unlawfully fail to register and pay the special tax required by law to be paid by him; in violation of Sections 2707, 3285, 3290, 3291, and 3294, Title 26, United States Code."

What we have said in Contreras v. United States of America, 213 F.2d 96, is sufficient to dispose of appellant's attacks upon the validity of 26 U.S.C.A. § 3294, and upon the sufficiency of the information.

As to the sufficiency of the evidence to sustain the conviction, it was stipulated that the defendant had not paid the tax imposed by 26 U.S.C.A. § 3290. When the Constable went to execute the search warrant on the defendant's home, no one would answer the door, and on breaking in, the Constable found defendant and his wife stuffing "Cuba or bolita tickets" into a stove. Other paraphernalia used in the game, including pads, money, money wrappers, and an adding machine were found in the search. The telephone was ringing continuously, and on being answered, Cuba numbers were being called in. The defendant made no response to his wife's accusation, "I told you you had better quit; I told you you had better quit." There was no dearth of evidence.

The Court charged the jury that "Proof of an actual sale of numbers by the defendant is not necessary to prove that the defendant was engaged in the occupation of accepting wagers * *", and to this charge the defendant objected. His counsel now properly concedes that it "may well be a correct legal

proposition in so far as it goes as a general rule", but insists that, while the Court instructed the jury as to what *wasn't* necessary for conviction, it failed to instruct them as to what *was* necessary. A reading of the Court's charge convinces us that it was not fairly subject to such criticism, but carefully preserved all of the rights of the defendant.

Finding no error in the record, the judgment is

Affirmed.