## BUCKLIN v. UNITED STATES (No. 2).

ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR THE
DISTRICT OF KANSAS.

No. 572. Submitted October 21, 1895. — Decided November 18, 1895.

The consolidation of several indictments against different persons growing
out of the same transaction, and the trial of all at the same time and by
the same jury, if not excepted to at the time, cannot be objected to after
verdict.

The indictment in this case, in every substantial particular, states an offence
against the laws of the United States.

A refusal to grant a new trial cannot be reviewed on writ of error.

An instruction, on the trial of several defendants indicted separately for
offences growing out of the same transaction, that, while they might
find a verdict of guilty as to all the defendants, or find some guilty and
some not guilty, they could not find a verdict as to some and disagree as
to others, contains prejudicial error which may be taken advantage of
by a defendant who is found guilty and convicted.

THE case is stated in the opinion.

*Mr. Thomas T. Taylor* for plaintiff in error.

*Mr. Assistant Attorney General Dickinson* for defendants
in error.

MR. JUSTICE HARLAN delivered the opinion of the court.

This is the same case as the one just disposed of. The
accused being in doubt whether the judgment against him
could be reviewed here on appeal, brought this writ of error.

The plaintiff in error was indicted in the District Court of
the United States for the District of Kansas under section 5392
of the Revised Statutes of the United States, providing that
" every person who, having taken an oath before a competent
tribunal, officer, or person, in any case in which a law of the
United States authorizes an oath to be administered, that he
will testify, declare, depose, or certify truly, or that any writ-
ten testimony, declaration, deposition, or certificate by him
subscribed is true, wilfully and contrary to such oath states

or subscribes any material matter which he does not believe to be true, is guilty of perjury, and shall be punished by a fine of not more than two thousand dollars, and by imprisonment, at hard labor, not more than five years; and shall, moreover, thereafter be incapable of giving testimony in any court of the United States until such time as the judgment against him is reversed."

By the third section of the act of June 14, 1878, c. 190, 20 Stat. 113, entitled "An act to amend an act entitled 'An act to encourage the growth of timber on the Western prairies,' " (18 Stat. 21, c. 55,) it was provided, in reference to the affidavit required to be filed by any person applying for the benefits of that act, "that if at any time after the filing of said affidavit, and prior to the issuing of the patent for said land, the claimant shall fail to comply with any of the requirements of this act, then and in that event such land shall be subject to entry under the homestead laws, or by some other person under the provisions of this act: _Provided_, That the party making claim to said land, either as a homestead-settler, or under this act, shall give, at the time of filing his application, such notice to the original claimant as shall be prescribed by the rules established by the Commissioner of the General Land Office; and the rights of the parties shall be determined as in other contested cases."

This act, and all laws supplementary thereto or amendatory thereof, were repealed by the act of March 3, 1891, entitled "An act to repeal timber-culture laws and for other purposes." But the repealing act declared that it should not affect any valid rights theretofore accrued or accruing under said laws, but all _bona fide_ claims lawfully initiated before its passage might be protected on due compliance with law, in the same manner, on the same terms and conditions, and subject to the same limitations, forfeitures, and contests, as if the repealing statute had not been enacted.    26 Stat. 1095, c. 561.

The indictment charged, in substance, that the accused, for the purpose of contesting a named timber-culture claim that had been made and entered in the proper land office at Wichita, Kansas, presented himself before H. P. Wolcott, the

duly appointed, qualified, and acting register of the United States land office at Larned, in the second division of the District of Kansas, and authorized by law to administer oaths in contests relating to timber-culture entries; that the accused, after being sworn by the said register to testify the truth, the whole truth, and nothing but the truth touching his right to enter such contest, did knowingly, wilfully, feloniously, and falsely testify to certain facts (fully set out in the indictment) material to the proceeding of contest; that his testimony was embodied in a deposition, subscribed and sworn to by him before said register, and was by him stated to be true when he did not believe it to be true, and that in so doing he wilfully and corruptly committed perjury, etc.

At the time of the trial there were pending in the court below two other separate indictments, one against Thomas Bucklin and one against George Elder, each of whom was indicted for perjury growing out of the same transaction as that set out in the indictment against Daniel A. Bucklin.

By order of the court the three cases were consolidated and tried at the same time and by the same jury.

Upon the conclusion of the evidence, and after receiving the instructions of the court, and hearing the argument of counsel, the jury retired, and, having deliberated three days, without making a verdict, came into court, in a body, and through their foreman propounded to the court this question: "Can we find a verdict as to some of the defendants and disagree as to the others?" The court answered, "You can find a verdict of guilty as to all, a verdict of not guilty as to all, or you can find some guilty and some not guilty, but you cannot find a verdict as to some and disagree as to others." To this action of the court the accused excepted.

The jury again retired, and returned a verdict of guilty as to Daniel A. Bucklin, and not guilty as to each of the other defendants.

Motions for new trial and in arrest of judgment having been successively made and overruled, the defendant was sentenced to hard labor in the penitentiary for the term of one year and six months and to pay a fine of one hundred dollars.

1. It is assigned for error that the court below consolidated the three indictments, and permitted them to be tried together. As the charges against the defendants, respectively, grew out of the same transaction, both the court and the defendants may have deemed it convenient to have all the cases tried at the same time and by the same jury. It is consistent with the record that the plaintiff in error preferred that the jury which tried the other defendants should try him. But as it does not appear that the plaintiff in error objected at the time to being tried by the same jury with the other parties indicted, nor that he excepted to the order of consolidation, we need not consider whether that order, if objected to seasonably, could have been properly made. He cannot now complain of the action of the court. *Logan* v. *United States,* 144 U. S. 263, 296.

2. One of the grounds for arrest of judgment was that the indictment does not state an offence under the laws of the United States. This point does not seem to be pressed in the brief of counsel. It is without merit. The indictment conforms, in every substantial particular, to section 5396 of the Revised Statutes, providing that "in every presentment or indictment prosecuted against any person for perjury, it shall be sufficient to set forth the substance of the offence charged upon the defendant, and by what court, and before whom the oath was taken, averring such court or person to have competent authority to administer the same, together with the proper averment to falsify the matter wherein the perjury is assigned, without setting forth the bill, answer, information, indictment, declaration, or any part of any record or proceeding, either in law or equity, or any affidavit, deposition, or certificate, other than as hereinbefore stated, and without setting forth the commission or authority of the court or person before whom the perjury was committed."

3. It is assigned for error that the court overruled the defendants' motion for a new trial. A refusal to grant a new trial cannot be reviewed upon writ of error. *Blitz* v. *United States,* 153 U. S. 308, 312; *Wheeler* v. *United States,* 159 U. S. 523.

4. But there was error prejudicial to the accused in the

instruction to the jury that while they might find a verdict of guilty as to all three defendants on trial, or find some guilty and some not guilty, they could not find a verdict as to some and disagree as to others.

The learned Assistant Attorney General refers to section 1036 of the Revised Statutes, providing that "on an indictment against several, if the jury cannot agree upon a verdict as to all, they may render a verdict as to those in regard to whom they do agree, on which a judgment shall be entered accordingly ; and the cause as to the other defendants may be tried by another jury." He properly insists that that section is not, in terms, applicable to separate indictments, tried together. But he frankly states that the instruction is so clearly erroneous as to suggest the possibility of a mistake in the bill of exceptions.

Upon a careful examination of the record we find nothing that justifies the assumption that a mistake occurred in the preparation of the bill of exceptions.

Taking the record as disclosing all that occurred at the time the jury came into court for additional instructions, there was error in the ruling that the jury could not find a verdict as to some of the defendants and disagree as to others. The jurors had been deliberating for three days without returning a verdict as to either of the defendants, when they were instructed that their duty was either to find each defendant not guilty, or each guilty, or some guilty and the others not guilty. If some of the jurors wavered in their minds as to the guilt of all the defendants — and the delay in returning the verdict justifies the belief that such was the fact — it may be that the instruction of which complaint is made worked injury to the plaintiff in error. We cannot say that it did not. To say that the court would not receive from the jury a report of a disagreement as to one defendant was, in effect, to announce that the jurors would be held together until the court should deem it to be its duty to discharge them finally, and would not be discharged unless or until they returned a verdict of guilty or not guilty. This tended to coerce the jury into making a verdict. The accused was entitled, of right, to go

before a new jury, if the one that tried him was unable to agree that he was guilty of the offence charged.

As it was competent for the jury to return a verdict of guilty or of not guilty as to the defendants Thomas Bucklin and George Elder, and to report a disagreement as to Daniel A. Bucklin, the instruction complained of must be held to have been erroneous ; and as this error may have injuriously affected the rights of the accused, the judgment is reversed, with directions to grant him a new trial.

*Reversed.*