## HATEM v. UNITED STATES.
### No. 3019.

Circuit Court of Appeals, Fourth Circuit.
June 27, 1930.

Charles L. Abernethy, Jr., and Charles L. Abernethy, both of New Bern, N. C. (A. D. Ward, George T. Willis, and Abernethy & Abernethy, all of New Bern, N. C., on the brief), for appellant.

Irvin B. Tucker, Sp. Asst. U. S. Atty., of Whiteville, N. C. (W. H. Fisher, U. S. Atty., of Clinton, N. C., on the brief), for the United States.

Before NORTHCOTT, Circuit Judge, and WATKINS and SOPER, District Judges.

NORTHCOTT, Circuit Judge.

Appellant was convicted in the District Court of the United States for the Eastern District of North Carolina, in June, 1929, of

using the United States mails in furtherance of a scheme to defraud, in violation of section 215, of the Criminal Code (18 USCA § 388). There were five counts in the indictment. Counts 2 and 4 were dismissed, and a general verdict of guilty was returned on counts 1, 3, and 5. Upon the verdict the court sentenced appellant, who will be hereinafter referred to as the defendant, to be imprisoned for a year and a day at Atlanta, Ga., and to pay a fine of $250 on count 1, to be imprisoned for a year and a day and to pay a fine of $250 on count 3, and to be imprisoned for one year and a day on count 5; the sentences of imprisonment to run consecutively and not concurrently, from which judgment this appeal was taken.

█ There are a number of assignments of error, more than fifty, but an examination of the record convinces us that we need not consider them all in detail. The main point relied upon by defendant is the admission of evidence on the trial, of acts of the defendant subsequent to the acts charged in the indictment. The defendant was charged with using the mails, while pretending to be engaged in the retail merchandise business at New Bern, N. C., for the purpose of defrauding various foreign merchants by ordering goods from them, for which he never paid or intended to pay. On the trial evidence was admitted that the defendant afterward carried on the same scheme and artifice to defraud, at Pinehurst, in the state of North Carolina.

Such evidence was clearly admissible, provided that the jury was properly charged by the judge below, as to the purpose for which it was introduced, and as to the consideration that the jury should give it. It is a long-established doctrine that in cases involving fraud, or the intent with which an accused does an act, "collateral facts and circumstances, and his other acts of a kindred character, both prior and subsequent, not too remote in time, are admissible in evidence." Moffatt v. United States (C. C. A.) 232 F. 522. See, also, Allis v. United States, 155 U. S. 117, 15 S. Ct. 36, 39 L. Ed. 91.

█ It is contended on behalf of appellant that the judge did not properly charge the jury with respect to the introduction of this evidence, but an examination of the judge's charge, as certified by him, shows that this point was fully covered. A transcript of the judge's charge, made by a stenographer, who was not sworn, was attempted to be introduced to prove that the record, as certified by the judge, was not correct.

A letter, from the judge to attorneys for the defendant, was included in the record in which the judge stated that he had no objection to the transcript of the stenographer being considered so that this court might decide whether it would follow the stenographer's report or the certificate of the trial judge. An order was entered requesting the trial judge to certify the correctness of the charge, as set out in the record by him, as being the charge delivered. The judge below made the following answer to this request:

"The undersigned trial judge in the above entitled cause charged the jury in accordance with the language set out in the record certified to by him and as in substance set forth in section one, page one, of the Order of the United States Circuit Court of Appeals herein, and that an account of the charge embracing the unofficial stenographic report of the charge is not complete in many important particulars and where complete is inaccurate. If the unofficial stenographic report fails to embrace in it the language or the substance thereof as set out in section one of the said order of the said Circuit Court herein then such report should be corrected so as to speak the truth."

It is not necessary to cite authorities to the effect that this court can only take the record as certified by the trial judge, and this is especially true in this case, where it appeared from the certificate of the judge that the unofficial stenographic report "is not complete in many important particulars, and where complete is inaccurate." We are of the opinion that the evidence, to which objection was made, was properly admitted, was not too remote, was of a kindred character, and that the judge properly charged the jury with respect thereto.

█ It is further urged that the judge below committed a reversible error, in that when the verdict of guilty was first returned he sentenced the defendant to three years' imprisonment and to pay a fine of $1,000, and that upon the following day, of his own motion, called in the defendant for the purpose of reforming the sentence and then passed sentence as above set out. In Cisson v. United States, 37 F.(2d) 330, 332, Judge Parker of this court, after carefully considering a similar question, said:

"The power of the judge to modify and set aside judgments during the term is an ancient one and founded upon the soundest reasons. Upon more mature consideration he may, and frequently does, decide that a sentence imposed during the term should be

lightened or increased. He may learn additional facts about a case which show the original sentence to be entirely inadequate or unreasonably harsh; and, if the mere incorporation in the sentence of such a provision as we have here is to deprive him of further power over the case, the greatest embarrassments in the administration of justice and the greatest hardships may result, for the judge would be powerless to reduce a sentence which he thought excessive, or grant a new trial to a prisoner shown to be innocent, even though such prisoner were in the court room and actually at the bar of the court. He would likewise be powerless to increase punishment, although it should develop that the sentence originally imposed was entirely inadequate. We do not think it possible for a judge to thus abdicate the power which the law vests in him, by the mere wording of the sentence of imprisonment. Not until the service of the sentence has actually commenced, until the prisoner has actually passed from the control of the court into the control of the executive, does the judge lose during the term the power to enter the orders which he ordinarily has power to enter."

With respect to counts 3 and 5, there was ample evidence to sustain the verdict of guilty returned by the jury. The judge below committed no error in the trial, and clearly had the power to reform the sentence, and as to these counts the judgment is affirmed.

▮ Upon argument before this court, the question was raised for the first time that the letter, upon which count 1 was based, was not addressed to Dengler Brothers, as charged in the count, but to Douglass Brothers, and it was further stated that the letter which had been admitted in evidence and marked Exhibit B was missing. This point was not raised at the trial, and there is no assignment of error with respect to this letter, nor was this variance noticed in the brief of the defendant, where the letter is referred to as letter written to Dengler Brothers. Upon an order of this court requesting the judge below to certify the correctness of the missing exhibit, the judge answered:

"The undersigned trial judge in the above entitled cause has no independent recollection as to the matters and things set out in section one of the said Order of the said Circuit Court of Appeals herein and for the reason given is unable to be of assistance to the said Circuit Court with regard to the difference which has arisen between counsel as to whether the letter (Government's Exhibit B) was in fact addressed to Dengler Brothers, Pottsville, Pennsylvania, as charged in the Bill of Indictment, or to Douglass Brothers, Pottsville, Pennsylvania."

Under these circumstances it is impossible for the court to pass upon the question raised as to count 1, but we do feel called upon to note the condition of the record as sent up from the court below. We cannot approve of the disorderly and careless manner in which the record is presented. Original papers which should remain in the custody of the court below have been sent up as a part of the record, when certified copies of the same should have been used and the originals retained in the court that is responsible for their custody. We think that neither the clerk of the court nor counsel have co-operated to put the record in such shape that this court can be certain as to count 1 and the evidence that was presented under that count. The exhibit, which must necessarily be inspected before we can properly pass upon the disputed question, is missing, and we are confronted with a situation that would not exist had the record been properly prepared. It is, of course, proper practice under the peculiar circumstances of some cases, to send up the original exhibits used in the trial court, but no such an occasion arose in this case. While we do not pass upon the question as to whether it is the duty of counsel representing appellant to prove that there was a variance between the exhibit as it actually was and as it was alleged to be in count 1, and whether such variance, if it existed, is fatal, it is obvious that the record must be in some way settled so that this court may be informed as to the fact. If the exhibit is available, a copy of it should be introduced into the record at the proper point. If it is not available, the contents thereof should be settled by agreement of counsel or by the decision of the trial judge, and inserted in the record.

It is the opinion, therefore, of this court that, with respect to count 1, this cause is remanded to the court below with instruction to correct, as far as may be possible, the record, especially with regard to the missing exhibit.

Affirmed as to counts 3 and 5, and remanded as to count 1.