## KOSAK v. UNITED STATES.

### No. 4399.

Circuit Court of Appeals, Third Circuit.

Feb. 10, 1931.

Wm. T. Connor and John R. K. Scott, both of Philadelphia, Pa., for appellant.

M. J. S. Stoney and Paul Freeman, Asst. U. S. Attys., both of Philadelphia, Pa.

Before WOOLLEY and DAVIS, Circuit Judges, and JOHNSON, District Judge.

WOOLLEY, Circuit Judge.

Prohibition agents raided a building in Reading, Pennsylvania, and discovered a large still in operation and large quantities of corn sugar mash and alcohol. They also found ten men in the place. These they arrested under circumstances or on evidence which indicated in one way or another their respective connections with the plant. Stanley Kosak, the appellant, was arrested when trying to escape and, on being searched, there were found on his person incriminating

papers which, over his objection seasonably made, were introduced in evidence against him at the trial.

Kosak, together with nine others, were indicted for having manufactured intoxicating liquor, for possessing property designed and intended for the manufacture of intoxicating liquor and for maintaining a common nuisance in violation of the National Prohibition Act. All save one were tried and all who were tried were convicted on all counts and sentenced. Kosak appealed.

The several assignments of error raise but three substantial questions. They are:

First, Did the learned trial judge err in admitting in evidence papers found upon the appellant after his arrest; second, was the search and seizure unlawful; and third, did the trial judge err in his charge to the jury?

The first and second questions are resolved adversely to the appellant. The circumstances indicated to the prohibition officers that the defendant, when caught, was engaged in the acts for which later he was indicted. These circumstances, constituting probable cause, warranted his arrest. Being probable cause for the arrest they were probable cause for the search and justified the seizure of the papers and validated their use in evidence.

Our main concern is with the third question, namely; possible error in the charge.

Nine men were on trial for the three offenses we have stated. The learned trial judge charged the jury on each of the three counts in substantially the same way. On the manufacturing count he said:

"The testimony of the Government witnesses in this case is, in most instances, varied somewhat. * * * The question is whether there has been sufficient proof here to satisfy you, beyond a reasonable doubt, that these defendants, or any of them, were manufacturing intoxicating liquor, when you come to consider the first count. * * * if you find, from the evidence, that these men were engaged in and about the operation of the still, then you would be justified in returning a verdict of guilty on the first count. It is not necessary to prove that the men were standing at the still and were actually controlling the operation of the still at the time that the witnesses saw them in and about it. If you find from all the evidence that these men were engaged in the operation of the manufacture of alcohol, then you would be justified in returning a verdict of guilty. * * *

"As I say, the testimony is circumstantial * * * but, you have heard all the testimony as to the surrounding circumstances, and you will take that into consideration. If you are not satisfied, beyond a reasonable doubt, that these men, or any of them, were operating a still, then your verdict should be not guilty."

On the count charging unlawful possession of property designed for the manufacture of intoxicating liquor the learned trial judge charged:

"The second count charges unlawful possession. * * * But in this case, you may take into consideration all the surrounding circumstances, the same as in considering the testimony with respect to the first count. In fact, the testimony overlaps, and it is practically the same testimony from which the District Attorney sought to draw these different conclusions. Are there sufficient circumstances here to say that these defendants, or any of them, were in possession of that still and the apparatus, mash and so on that was there, and was it being used in and about the manufacture of alcohol? If you are satisfied of those facts, draw those conclusions from the evidence, you would be justified in returning a verdict of guilty on that count; otherwise you would return a verdict of not guilty."

On the count charging the maintenance of a common nuisance the learned trial judge charged:

"As to maintaining a common nuisance, the same rules of evidence apply. * * * If any of the evidence discloses that these defendants were in such possession of that still, or operating that still, if you believe that, then you would be justified in believing that they were maintaining a common nuisance on the premises where the still was operated and kept. If you believe from the testimony in the case, are satisfied beyond a reasonable doubt, that that was a fact, you would be justified in returning a verdict of guilty on that count. If you are not satisfied, beyond a reasonable doubt, you will return a verdict of not guilty."

It will be observed that in these instructions the court referred to the defendants collectively and in language which, it is claimed, is susceptible of the inference that proof of the guilt or innocence of any of them is proof of the guilt or innocence of all.

Clearly any lawyer would understand these instructions and would gather from them the meaning the trial judge certainly intended, which was that, if on the evidence

the jury should find that the defendants, or any one .of them, had committed one or more of the offenses charged, they should, on the respective counts, return a verdict of guilty as to those defendants, whether all of them, some of them, or any one of them. Yet we gravely fear that the jurors, not being learned in the law and not trained in making legal distinctions, might have gotten an erroneous impression from the judge's charge to the effect that evidence of guilt of any one of the defendants was evidence of guilt of all and, accordingly, that the defendants, caught and arrested together, indicted together and on trial together, were being tried in a body and should be acquitted or convicted as a body. The fact that the jury convicted all defendants on, all counts on evidence varying as to the individuals and as to the counts lends force to this apprehension.

We are constrained to find that in the stress of trial the learned judge fell into error in the one particular that his charge might have misled lay minds and have brought about a verdict of guilty as to the appellant, whom the jury might conceivably have acquitted on the evidence as to him individually.

The judgment so far as it affects Stanley Kosak, the appellant, is reversed.