**VOGT et al. v. UNITED STATES.**
No. 11544.

Circuit Court of Appeals, Fifth Circuit.
July 6, 1946.

Percy Foreman, of Houston, Tex., for appellants.

Brian S. Odem, U. S. Atty., and Joseph W. Cash, Asst. U. S. Atty., both of Houston Tex., and Charles C. Bowie, of Brownsville, Tex., for appellee.

Before HUTCHESON, WALLER, and LEE, Circuit Judges.

WALLER, Circuit Judge.

The first count charges Defendants with smuggling 7½ pounds of marijuana with intent to defraud the United States of revenue; the second charges receiving, transporting, concealing, and facilitating the transportation and concealment of the marijuana, while the third count charges the Defendants with knowingly having in their possession and being the transferees of the same marijuana, on which the transfer tax had not been paid and which had been transferred without the use of the written order required for such transfer. The Court tried Defendants without a jury and found them not guilty under the first count and guilty under counts two and three.

The Defendants prayed that the indictment be quashed in all respects; or, in the alternative, that each count be quashed; and, in the third alternative, that "the prosecution be ordered and required to furnish these Defendants with a Bill of Particulars showing what the prosecution intends to prove as a basis for its alleged case and with reference to each particular count" and argue here that the Court erred in not requiring the Government to furnish such bill of particulars.

This motion was too general, too vague, and too broad. It was not error to overrule it. Moreover, it was not made to appear that the Defendants needed a bill of particulars in order to prepare their de-

fense to counts two and three, and a failure to order the furnishing of a bill of particulars on count one cannot be assigned as prejudicial error in view of the fact that the Defendants were acquitted under that count.

The Defendants next argue that the indictment was defective in failing to allege from whom the marijuana was received or to allege that the name of the person who transferred it to them was unknown. This objection, directed to the third count of the indictment, overlooks the allegation in that count that the Defendants did "unlawfully, knowingly, and feloniously acquire, obtain, and receive from persons to the Grand Jurors unknown" a quantity of marijuana.

The Defendants then say that since the indictment alleged that the marijuana had been lately brought into this country from Mexico, it was error to find them guilty under such indictment in the absence of any proof to that effect. But if the admissions of the Defendants that the marijuana had been brought by a Mexican across the Rio Grande from Reynosa, Mexico, into Texas were admissible in evidence, this argument will fall. This question will be considered in connection with Defendants' further argument that the lower Court erred in overruling their motion for an instructed verdict on the ground that the corpus delicti had not been shown except by the extrajudicial, and inadmissible, confessions of the Defendants.

■■ It is a well-known, and generally observed, rule that no conviction of an accused in a criminal case can be based solely on an uncorroborated confession. See Naftzger v. United States, 8 Cir., 200 F. 494, and cases cited therein. Antecedent to the receipt of a confession, the prosecution must prove the corpus delicti.

This Court, quoting from 6 Am. & Eng. Enc. Law, 2d Edition, p. 582, and from other authorities, in the case of Flower v. United States, 116 F. 241 text 247, announced the rule in this Circuit to be as follows:

"A conviction cannot be had on the extrajudicial confession of the defendant, unless corroborated by proof aliunde of the corpus delicti. Full, direct, and positive evidence, however, of the corpus delicti, is not indispensable. A confession will be sufficient if there be such extrinsic corroborative circumstances as will, *when taken in connection with the confession,* establish the prisoner's guilt in the minds of the jury beyond a reasonable doubt. (Emphasis added.)

\* \* \* \* \*

" \* \* \* full proof of the body of the crime,—the corpus delicti,—independently of the confession, is not required by any of the cases, and in many of them slight corroborating facts were held sufficient.

\* \* \* \* \*

"All that can be required is that there should be corroborative evidence tending to prove the facts embraced in the confession; and where such evidence is introduced it belongs to the jury, under the instructions of the court, to determine upon its sufficiency."

■ In 14 Am.Jur. 758, § 6, it is said.

"Generally speaking, the term 'corpus delicti' means, when applied to any particular offense, that the specific crime charged has actually been committed by someone. It is made up of two elements: (1) That a certain result has been produced, for example, a man has died or a building has been burned; and (2) that some person is criminally responsible for the act. It has been said that the corpus delicti consists of the facts that a crime has been committed and that the defendant was implicated in the crime. This definition, however, is inaccurate, since if true, all that would be necessary to convict of a crime would be to prove the corpus delicti."

"An accused cannot be convicted on an extrajudicial confession alone, but · such confession must be coupled with evidence, circumstantial or otherwise, establishing the 'corpus delicti,' by which is meant proof of the fact that the crime in question has been committed by someone." McLemore v. State, 111 Ark. 457, 164 S.W. 119, 120.

■ "Extrajudicial admissions, declarations, or confessions of accused may be considered in connection with other independent evidence in determining whether the corpus delicti is sufficiently proved;

and it is sufficient when the evidence, independent of the confession, together with the confession, establishes the corpus delicti." 23 C.J.S., Criminal Law, § 916b, pages 184–185.

"Inconclusive facts and circumstances tending prima facie to show the corpus delicti may be aided by the admissions or confession of accused so as to satisfy the jury beyond a reasonable doubt, and so to support a conviction, although such facts and circumstances, standing alone, would not thus satisfy the jury of the existence of a corpus delicti." Hill v. State, 207 Ala. 444, 93 So. 460, 462.

■ The Defendants admitted that a few minutes before their arrest they had received the marijuana from a Mexican who had brought it from Reynosa, Mexico. They also admitted before the trial of the case that they did not have the written order form furnished by the Secretary of the Treasury for the purpose of effecting a purchase of marijuana. If these statements by Defendants are admissible in evidence, then the second and third counts of the indictment were fully proven. These confessions by the Defendants were admissible provided there was also in evidence such extrinsic corroborating facts and circumstances as would justify a jury in finding that the alleged crime had been committed by someone.

We believe that there were numerous items of corroborative evidence introduced that went far toward sustaining, or establishing, the facts embraced in the confessions, and that these items of evidence, together with the confessions, belonged to the jury—or, in this case, to the Judge, since there was no jury. Some of the corroborating circumstances were: the car of the Defendants parked at a spot by the roadside where a paper bag containing some marijuana was left, which was later retrieved, and which the Defendant Vogt admitted retrieving and smoking; the lights on Defendants' car blinking as if giving a signal at one A.M., following which another car turned on its lights, and the two proceeded in the same direction; Defendants' car turning off the main highway, parking at Jones Street, turning out its lights, and later driving off without turning

them on; the refusal of Defendants to halt in obedience to the command of the officers, but instead making the dangerous and desperate dash to escape; the throwing of a package out of the door of Defendants' speeding car, which package was later found to contain 7½ pounds of marijuana; the turning out of the lights of the car and driving through the hedge at the farm house; the finding of marijuana seed on the floor and marijuana seed and leaves on the back seat of the Defendants' automobile; the finding of marijuana seed in an ash tray in Vogt's quarters and in a suitcase which he identified as belonging to him.

These facts and circumstances were sufficient as corroborative proof aliunde of the corpus delicti and sufficient, when taken in connection with the confession, to establish the Defendants' guilt beyond a reasonable doubt under the second and third counts. The direct testimony of the officers, without more, was sufficient to show the possession, the concealing, and the transportation of marijuana by Defendants.

■ Their confessions having been received, the proof was undisputed that the Defendants had received the marijuana from a Mexican who had shortly before brought the marijuana across the Rio Grande River from Mexico into Texas. The evidence as to the Defendants' possession of the marijuana, their attempts to conceal it, and their transportation of it, is quite convincing. They admitted that they did not have the forms necessary for its transfer, and by which to show the payment of the tax. Having reached this conclusion, we are of the view that the third and fourth grounds in argument for reversal should be rejected.

■ For the same reason, Appellants' fifth ground, that it was error to admit evidence of marijuana where it was not shown that it had been illegally imported, must be rejected because the confession which was properly admitted in evidence shows that the marijuana had been recently brought over the border by a Mexican from Reynosa, Mexico.

■ The sixth point argued by the Defendants is that it was error to admit in

**312**

evidence the Defendants' plea of guilty before the United States Commissioner. We fail to see how this could have prejudiced the Defendants. Extrajudicial confessions were properly admitted in evidence. We fail to see how the evidence of the plea of guilty before the Commissioner in a case tried by the Judge without a jury, wherein the Judge in ruling on the admissibility of the extrajudicial confessions in evidence necessarily knew of their existence, could in any wise prejudice the Defendants.

The seventh proposition advanced by the Defendants for a reversal is that it was error to admit in evidence the demand by the Treasury Agent for written order forms furnished by the Secretary of the Treasury for transfer of marijuana, for the reason that it was proof of an essential element of the offense which should have been obtained before the indictment. We are not advised as to what evidence was presented to the grand jury, and we cannot assume that the only method of proving the absence of the requisite forms for the transfer of marijuana was from evidence furnished by the transferee.

The last argument is that it was error to admit in evidence a statement of an accused which said statement was obtained from the accused by officers who, it is claimed, threatened to place the wife of one of the accused in jail. A statement by an investigating officer that, "We are going to pick up your wife and bring her down to the jail and question her, too," standing alone, is not such a threat as would render the accused husband's statement involuntary. Such a remark by the investigating officers cannot be classified as such a threat as would destroy the voluntariness of the Defendant's confession. Even if one of the Defendants made the confession in order to prevent his wife from being investigated, it was, nevertheless, his voluntary statement. The fact that an accused undertakes to shoulder the entire burden in order to exculpate someone else does not, of itself, render his confession involuntary and invalid.

The judgment of the Court below was correct and is affirmed.