### CONTRERAS v. UNITED STATES.
#### No. 14674.

United States Court of Appeals,
Fifth Circuit.
May 11, 1954.

C. J. Hardee, D. Newcomb Barco, Jr., Tampa, Fla., for appellant.

J. Hardin Peterson, Jr., Asst. U. S. Atty., Lakeland, Fla., E. David Rosen, Asst. U. S. Atty., Miami, Fla., James L. Guilmartin, U. S. Atty. for the Southern Dist. of Florida, Miami, Fla., for appellee.

Before STRUM and RIVES, Circuit Judges, and DAWKINS, District Judge.

RIVES, Circuit Judge.

The defendant was convicted and sentenced to one year's imprisonment under an information charging:

"That during the month of January, 1953, in Tampa, Hillsborough County, Florida, in the Southern District of Florida, Anastasio Humberto Contreras, who was then and there engaged in the business of accepting wagers as defined in Section 3285(b) (1) (C) and (2), Title 26, United States Code, did wilfully and unlawfully fail to register and pay the special tax required by law to be paid by him; in violation of Sections 2707, 3285, 3290, 3291, and 3294, Title 26, United States Code."

The district court denied the defendant's motion to dismiss the information, his motion for a directed verdict and his motion for new trial.

Appellant's first contention is that the penalties prescribed in 26 U.S.C.A. § 3294(c) [1] are so uncertain, vague, and indefinite as to render the section inoperative and the one year sentence void. This particular objection to the statute was not discussed in United States v. Kahriger, 345 U.S. 22, 73 S.Ct. 510, 97 L.Ed. 754. Section 2707 [2] referred to in said Section 3294(c), supra, prescribes penalties with respect to the tax on pistols and revolvers. Subsection (a) of Section 2707 relates to a penalty to be assessed and collected in the same manner as taxes, and intends a mere civil sanc-

1. "§ 3294. *Penalties*
"(a) Failure to pay tax. * * *
"(b) Failure to post or exhibit stamp. * * *
"(c) Willful violations. The penalties prescribed by section 2707 with respect to the tax imposed by section 2700 shall apply with respect to the tax imposed by this subchapter."

2. 26 U.S.C.A. § 2707:
"§ 2707. *Penalties*
"(a) Any person who willfully fails to pay, collect, or truthfully account for and pay over the tax imposed by section 2700(a), or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty of the amount of the tax evaded, or not paid, collected, or accounted for and paid over, to be assessed and collected in the same manner as taxes are assessed and collected. No penalty shall be assessed under this subsection for any offense for which a penalty may be assessed under authority of section 3612.
"(b) Any person required under this subchapter to pay any tax, or required by law or regulations made under authority thereof to make a return, keep any records, or supply any information, for the purposes of the computation, assessment, or collection of any tax imposed by this subchapter who willfully fails to pay such tax, make such returns, keep such records, or supply such information, at the time or times required by law or regulations, shall, in addition to other penalties provided by law, be guilty of a misdemeanor and, upon conviction thereof, be fined not more than $10,000, or imprisoned for not more than one year, or both, together with the costs of prosecution.
"(c) Any person required under this subchapter to collect, account for and pay over any tax imposed by this subchapter, who willfully fails to collect or truthfully account for and pay over such tax, and any person who willfully attempts in any manner to evade or defeat any tax imposed by this subchapter or the payment thereof, shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, be fined not more than $10,000, or imprisoned for not more than five years, or both, together with the costs of prosecution.
"(d) The term 'person' as used in this section includes an officer or employee of a corporation, or a member or employee of a partnership, who as such officer, employee, or member is under a duty to perform the act in respect of which the violation occurs."

tion. Paddock v. Siemoneit, 147 Tex. 571, 218 S.W.2d 428, 7 A.L.R.2d 1062. Subsection (a) is therefore not pertinent here. Subsection (c) refers to "Any person required * * * to collect, account for and pay over any tax * * *." There was no charge that the defendant was required to "collect" or "account for" the tax. Subsection (c) covers also "any person who willfully attempts in any manner to evade or defeat any tax * * *", but the defendant was not so charged. Subsection (b) refers to "Any person required * * * to pay any tax," and that subsection (b) is the only one that could apply to the offense charged against the defendant, viz: that he "did willfully and unlawfully fail to register and pay the special tax * * *."

■ The language of subsections (b) and (c) of Section 2707 closely parallels that of subsections (a) and (b) of Section 145 dealt with in Spies v. United States, 317 U.S. 492, 63 S.Ct. 364, 87 L.Ed. 418. The difference between the misdemeanor referred to in subsection (b) and the felony referred to in subsection (c) of Section 2707 is the same, we think, as that noted in the Spies case, supra.

"The difference between the two offenses, it seems to us, is found in the affirmative action implied from the term 'attempt,' as used in the felony subsection. It is not necessary to involve this subject with the complexities of the common-law 'attempt'. The attempt made criminal by this statute does not consist of conduct that would culminate in a more serious crime but for some impossibility of completion or interruption or frustration. This is an independent crime, complete in its most serious form when the attempt is complete and nothing is added to its criminality by success or consummation, as would be the case, say, of attempted murder. Although the attempt succeed in evading tax, there is no criminal offense of that kind, and the prosecution can be only for the attempt. We think that in employing the terminology of attempt to embrace the gravest of offenses against the revenues Congress intended some willful commission in addition to the willful omissions that make up the list of misdemeanors. Willful but passive neglect of the statutory duty may constitute the lesser offense, but to combine with it a willful and positive attempt to evade tax in any manner or to defeat it by any means lifts the offense to the degree of felony." Spies v. United States, 317 U.S. 492, at pages 498–499, 63 S.Ct. at page 368.

This Court has already held that the offense of willful failure to pay the special tax here involved may be prosecuted by information for the reason that it "is a misdemeanor according to Section 2707 (b), Title 26 of the United States Code." Mosely v. United States, 5 Cir., 207 F.2d 908.

■■ The defendant relies strongly upon Holmes v. United States, 5 Cir., 267 F. 529, 531, followed in Smith v. United States, 10 Cir., 145 F.2d 643, 645. but under the statutes there involved the punishment intended was left in uncertainty and to speculation, while that is not true here when the statutes are carefully read and considered. The courts must entertain a strong presumption of validity of the statute, including its penalty provisions, and must hold the statute valid as against a criticism of vagueness and uncertainty when they are reasonably sure of its meaning. United States v. Evans, 333 U.S. 483, 486, 487, 68 S.Ct. 634, 92 L.Ed. 823. We think it clear that, for the offense here charged, the penalty is that prescribed in Section 2707 (b), and, hence, that there is no uncertainty nor speculation.

Appellant next insists that the information quoted at the beginning of this opinion should have been dismissed on the ground that it failed to contain a sufficient statement of the alleged offense to apprise the defendant of the exact nature of the charge against him, and to enable him or his counsel to prepare a defense. Specifically, the appellant insists that the

term "wager" as defined in Section 3285 (b) (1) (C) and (2), Title 26, United States Code Annotated [3] and as used in the information is a generic term and that it was necessary for the information to state the particular kind of wagers accepted by the defendant.[4]

Engaging in receiving wagers was not, of itself, a federal crime, but was descriptive of the occupation upon which the special tax was imposed, a willful failure to pay which was the crime against the United States here charged. It might be academically interesting to consider whether the word "wager" would have to be particularized in the absence of the Federal Rules of Criminal Procedure, 18 U.S.C.A. Those Rules, and particularly Rules 2 and 7(c), designed to eliminate technicalities in criminal pleading and to simplify procedure, make it clear that the information was sufficient. It followed substantially the wording of the statute, embodied all the elements of the crime and sufficiently informed the defendant of the charge so as to enable him to prepare his defense, requesting a bill of particulars under Rule 7(f) if needed, and to plead the judgment in bar of any further prosecution for the same offense. See United States v. Debrow, 346 U.S. 374, 377, 378, 74 S. Ct. 113.

The appellant next insists that the court erred in denying his motion for a directed verdict of not guilty. When the State officers raided the "Atomic Club", two negroes escaped by running. The defendant also ran, but into the building where he dropped two pads or books which the officers testified were of the kind commonly used in the operation of a bolita or Cuba lottery. He had in his pockets $490 in currency and change. The Constable testified that he virtually confessed to selling "bolita".[5] It was undisputed that he had been warned to pay the tax, and had failed and refused to do so. No testimony was offered on behalf of the defendant. The evidence was ample to sustain the conviction.

Lastly, the appellant complains of the court's charge to the jury, but there were no objections to the charge before the jury retired as required by Rule 30, Federal Rules of Criminal Procedure.

Finding no error in the record, the judgment is

Affirmed.

---

3. "§ 3285. *Tax*

&ast;  &ast;  &ast;  &ast;  &ast;

"(b) *Definitions.* For the purposes of this chapter—

"(1) The term 'wager' means &ast; &ast; &ast;

"(C) any wager placed in a lottery conducted for profit.

"(2) The term 'lottery' includes the numbers game, policy, and similar types of wagering. The term does not include (A) any game of a type in which usually (i) the wagers are placed, (ii) the winners are determined, and (iii) the distribution of prizes or other property is made, in the presence of all persons placing wagers in such game, and (B) any drawing conducted by an organization exempt from tax under section 101, if no part of the net proceeds derived from such drawing inures to the benefit of any private shareholder or individual."

4. The appellant cites the following authorities in support of this contention: Olympic Motors, Inc. v. McCroskey, 15 Wash.2d 665, 132 P.2d 355, 150 A.L.R. 1306; United States v. Cruikshank, 92 U. S. 542, 23 L.Ed. 588; United States v. Hess, 124 U.S. 483, 8 S.Ct. 571, 31 L. Ed. 516; United States v. Simmons, 96 U.S. 360, 24 L.Ed. 819; Miller v. United States, 5 Cir., 288 F. 816; United States v. McCulloch, D.C., 6 F.R.D. 559.

5. "Q. Did you have any conversation in the car with the defendant? A. I did, He said, 'Well, you fellows have got me,' he said, 'But I wish that you would book me for something besides numbers or possession or selling bolita because—book me for vagrancy or anything else—because I had some trouble last year with the Internal Revenue,' and I told him that we were going to book him just like he was caught."