45 C.C.P.A. (Patents)

**Application of Henry C. PFAFF, Jr.**

**Patent Appeal No. 6309.**

United States Court of Customs and Patent Appeals

Dec. 13, 1957.

Harry Sommers, Newark, N. J. (William A. Smith, Jr., Washington, D. C., of counsel), for appellant.

Clarence W. Moore, Washington, D. C. (Arthur H. Behrens, Washington, D. C., of counsel), for the Commissioner of Patents.

Before JOHNSON, Chief Judge, and O'CONNELL, WORLEY, RICH, and JACKSON (retired), Judges.

WORLEY, Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the Primary Examiner's rejection of claims 18 and 19 of appellant's application for a patent on a traffic light holder, on the ground of lack of invention over a single prior patent.

The appealed claims are:

"18. A traffic light holder comprising a pair of spaced parallel bars integrally connected at one end by an arcuate end member defining, with said bars, a U-shaped frame, the free ends of said bars being adapted to be secured to a vertical traffic pole by clamp means to dispose the frame horizontally pendantly therefrom, a member of 'I' outline having open ends slidably positioned on said bar members, means engaging the ends of said 'I' member in predetermined relation to the frame end member, cooperating means on said 'I' member and the end member of the U-shaped frame for holding the traffic light unit suspended with-

in the frame intermediate the 'I' member, end member and bar members of the frame, and means on said frame to receive a guying member secured at its opposite end to the traffic pole at a point above the points at which the free ends of the frame are secured to the pole, to stabilize the frame on the pole.

"19. In a traffic light holder as set forth in claim 18, a second member of 'I' outline slidably positioned on the frame between the first mentioned 'I' member and the free ends of the frame, and means engaging the second 'I' member and the frame to fix the position of the second 'I' member on the frame, to stabilize the frame."

The reference relied on is

Ganster 1,601,819 October 5, 1926.

The device disclosed by appellant's application comprises an elongated U-shaped frame formed of a single piece of tubular material, the free ends of which are secured to a vertical pole by means of clamps, so that the frame extends horizontally from the pole. A guy wire is provided which extends from a point near the top of the pole to the outer end of the frame. Two "I" members are provided, each consisting of a straight section of tubing secured at its ends to coupling members which are slidably mounted on the horizontal arms of the frame and which may be fixed at any desired position thereon by means of set screws. One of the "I" members serves merely as a brace while the other is fixed at such a distance from the closed end of the frame as to provide a space for receiving the traffic light. Cooperating bracket members are provided on this "I" member and on the closed end of the frame for holding the light suspended within the frame.

The Ganster patent shows a sign which is mounted in a frame composed of four tubular elements, two of which extend horizontally and are provided at one end with flattened portions adapted to be connected to a building or other support,

while the other two extend vertically and are connected at their ends to couplings which are slidably mounted on the horizontal members and are adapted to be secured in any desired position thereon by means of pins which extend through openings in the coupling and through a selected one of a number of openings in the horizontal members. As shown, one vertical member is fixed at the end of the horizontal members opposite the support, while the other vertical member is located at such a point that the sign is accommodated between the vertical members. The vertical members and couplings form "I" members similar to those of appellant's application. Both the vertical and horizontal members are provided with longitudinal slits, which receive the edges of the sign when the parts are in assembled position, so that the sign is clamped in a rigid rectangular frame formed by the members. One of the horizontal members is provided with an eyelet for connection with a guy-rope or wire.

It will be seen from the foregoing description that appellant's device comprises a frame having three of its four sides formed of a single-piece U-shaped frame and providing a space within which a traffic light may be suspended, whereas Ganster provides a number of separate elements which are fitted rigidly together about a sign and then secured in position. Those distinctions are properly brought out in the appealed claims and, in our opinion, are sufficient to render them patentable.

The idea of *suspending* an object within a frame is wholly foreign to Ganster's disclosure. The tubular members are designed to be fitted around a particular sign to form a rigid frame which engages the sign throughout its entire periphery, as distinguished from appellant's structure in which the holder is a complete separate unit providing a frame within which the traffic light may be suspended and adjusted to the desired position.

It does not seem likely that it would occur to anyone seeking to design a holder for a traffic light that the single reference relied on by the Patent Office could be modified for that purpose. Nor did the Patent Office cite any other references suggesting appellant's device.

Appellant has provided a simple, unitary article which differs materially, both in structure and function, from the reference relied on by the Patent Office tribunals. The differences are properly brought out in the appealed claims, which are limited to the advance made by appellant over the prior art. Under such circumstances we think the claims should have been allowed. Accordingly, the decision of the Board of Appeals is reversed.

Reversed.

JACKSON, J., retired, recalled to participate.