Benjamin Franklin NEVILLE, Appellant,

v.

UNITED STATES of America, Appellee.

No. 17760.

United States Court of Appeals Fifth Circuit.

Nov. 3, 1959.

Rehearing Denied Nov. 28, 1959.

Donald McKay, Montgomery, Ala., for appellant.

Hartwell Davis, U. S. Atty., Ralph M. Daughtry, Asst. U. S. Atty., Montgomery, Ala., for appellee.

Before RIVES, Chief Judge, and BROWN and WISDOM, Circuit Judges.

RIVES, Chief Judge.

This appeal is from a judgment of conviction on all counts of two separate indictments charging offenses proscribed by 18 U.S.C. § 472.[1] One of the indictments and Count One of the other are practically identical.[2] One of the indictments contains a second count, quoted in the margin.[3]

The evidence discloses why two indictments were returned. The defendant and a companion were traveling by automobile and stopped at a drive-in-restaurant on the edge of Montgomery, Alabama, in the Northern Division of the Middle District of Alabama. There the defendant attempted unsuccessfully to pass one of the counterfeit $5.00 bills. When they drove away the manager of the restaurant notified the County Sheriff, who had them apprehended some forty miles distant at Tuskegee, Alabama, in the Eastern Division of the same Middle District of Alabama. The arresting officers found 286 counterfeit $5.00 Federal Reserve Notes in the automobile, 26 on the seat between the defendant and his companion, and the others wrapped in a map and under the seat.

The most serious insistence on error is in the denial of the motions to dismiss the several counts because the alleged counterfeited instruments were not set forth nor sufficiently described. Appellant has cited a number of relatively old cases which hold that the common-law rule required that the counterfeited instrument be set out in the indictment.[4] One of the more recent cases cited by the appellant states the rule now prevailing:

> "In a prosecution for possession of a counterfeit, or for an attempt to utter or pass a counterfeit, it is not absolutely necessary to the goodness of the indictment that the counterfeited instrument be set out in the indictment. * * * All that is necessary, is, that such description

---

**1.** "§ 472. *Uttering counterfeit obligations or securities*

"Whoever, with intent to defraud, passes, utters, publishes, or sells, or attempts to pass, utter, publish, or sell, or with like intent brings into the United States or keeps in possession or conceals any falsely made, forged, counterfeited, or altered obligation or other security of the United States, shall be fined not more than $5,000 or imprisoned not more than fifteen years, or both."

**2.** "Count One

"On or about June 3, 1958, in the Middle District of Alabama, Benjamin Franklin Neville, with intent to defraud, did keep in his possession falsely made and counterfeited obligations and securities of the United States, to wit, 20 Federal Reserve Notes in the denomination of $5.00 each, purportedly drawn on the Federal Reserve Bank of Atlanta, and he well knew at said time that the said notes were falsely made and counterfeited."

**3.** "Count Two

"On or about June 3, 1958, in the Middle District of Alabama, Benjamin Franklin Neville, with intent to defraud, did attempt to pass a falsely made and counterfeited obligation and security of the United States, to wit, a Federal Reserve Note in the denomination of $5.00, purportedly drawn on the Federal Reserve Bank of Atlanta, and he then well knew said note to be falsely made and counterfeited."

**4.** United States v. Carll, 1881, 105 U.S. 611, 26 L.Ed. 1135; United States v. Owens, C.C.W.D.Tenn.1888, 37 F. 112; United States v. Howell, D.C.N.D.Cal. 1894, 64 F. 110; United States v. Rossi, D.C.Or.1920, 268 F. 620; Hill v. United States, 7 Cir., 1921, 275 F. 187; Foster v. United States, 10 Cir., 1935, 76 F. 2d 183; Wininger v. United States, 8 Cir., 1935, 77 F.2d 678; Simon v. United States, 6 Cir., 1935, 78 F.2d 454.

of the counterfeit be set out as to advise the defendant of the nature of the charge and such as with the record will save the defendant in the indictment from again being put in jeopardy, or subjected to a second prosecution for the same offense." Wininger v. United States, 8 Cir., 1935, 77 F.2d 678, 680.

A fortiori is that true since the adoption of Rules 2 and 7(c) of the Federal Rules of Criminal Procedure, 18 U.S.C., "designed to eliminate technicalities in criminal pleading and to simplify procedure." Contreras v. United States, 5 Cir., 1954, 213 F.2d 96, 99.[5] Setting out the counterfeit bills or describing them by their fictitious serial numbers or otherwise would have afforded no real protection against a second prosecution for the same offense, because the number of identical facsimiles which might possibly be printed are limitless. The identity of the offenses may be established "by other parts of the record or even by parol evidence." Roberson v. United States, supra, 237 F.2d 537, and cases cited in footnote 3. If the defendant needed any more particular identification of the counterfeited bills, he should have moved for a bill of particulars. Rule 7 (f), Federal Rules of Criminal Procedure.

The district court found the witness Harvey M. Boswell, defendant's companion, to be a reluctant witness for the Government and permitted the United States Attorney to lead him and to refresh his recollection by referring to his previous statements made to Government agents. That was clearly within the district court's discretion. Roberson v. United States, supra; Thomas v. United States, 9 Cir., 1955, 227 F.2d 667, 671.

The evidence of guilt was ample, and the motion for judgment of acquittal was properly denied. The oral charge and the written charges given at the request of the defendant correctly stated the applicable law, and we find no reversible error in the refusal of any of the requested charges. Finding no prejudicial error in the record, the judgment is

Affirmed.

5. See also, United States v. Debrow, 1953 346 U.S. 374, 376, 74 S.Ct. 113, 98 L.Ed. 92; Roberson v. United States, 5 Cir., 1956, 237 F.2d 536, 537.