William **BELVIN**, James F. Clanton, Clifton Hawkins and Wallace Hawkins, Appellants,

v.

**UNITED STATES** of America, Appellee.

No. 17500.

United States Court of Appeals Fifth Circuit.

Jan. 5, 1960.

**584**

Zach H. Douglas, Jacksonville, Fla., W. Fred Turner, Panama City, Fla., S. Gunter Toney, Tallahassee, Fla., for appellants.

F. E. Steinmeyer, III, Asst. U. S. Atty., Wilfred C. Varn, U. S. Atty., Tallahassee, Fla., for appellee.

Before RIVES, Chief Judge, and TUTTLE and JONES, Circuit Judges.

RIVES, Chief Judge.

This appeal is from judgments of conviction upon five separate indictments,

consolidated for trial, charging use of the mails,[1] and of interstate telephones[2] to defraud insurance companies by obtaining collision or liability insurance on automobiles and collecting on staged or faked automobile collisions.

The indictments name as the alleged victims the Virginia Mutual Insurance Co., Richmond, Virginia; the Allstate Insurance Company, Skokie, Illinois; the Iowa Mutual Insurance Company, De-Witt, Iowa; the Travelers Insurance Company, Hartford, Connecticut; and the Casualty Reciprocal Exchange (Bruce Dodsen and Company, Kansas City, Missouri); adding after the name of each "and divers other persons to the Grand Jury unknown."

■ 1. The appellants complain that the named victim is not specified to be either an individual, a partnership, or a corporation. That there is no merit in the contention sufficiently appears from a reference to Rules 2, 7(c), and 52(b) of the Federal Rules of Criminal Procedure, 18 U.S.C., "designed to eliminate technicalities in criminal pleading and to simplify procedure,"[3] especially when it is considered that, under common-law pleading, the better considered cases did not require averment of the character of an association or legal entity where that was not essential to a description of the offense.[4]

■ 2. Appellants contend that the use of the mails or of the interstate telephone must be either by the wrongdoer himself or by his agent or employee. The law is so well settled to the contrary that we do no more than quote the rule as last stated in Pereira v. United States, 1954, 347 U.S. 1, 8, 9, 74 S.Ct. 358, 363, 98 L. Ed. 435:

"Where one does an act with knowledge that the use of the mails

1. 18 U.S.C. § 1341.

2. 18 U.S.C. § 1343.

3. Contreras v. United States, 5 Cir., 1954, 213 F.2d 96, 99; Neville v. United States, 5 Cir., 272 F.2d 414.

4. 42 C.J.S. Indictments and Informations § 142b; Hornsby v. State, 1934, 49 Ga.

App. 305, 175 S.E. 400; Mattox v. State, 1902, 115 Ga. 212, 41 S.E. 709, 712, collecting cases; Compare Durland v. United States, 1895, 161 U.S. 306, 314, 16 S.Ct. 508, 40 L.Ed. 709; United States v. Crummer, 10 Cir., 1945, 151 F.2d 958, 963.

will follow in the ordinary course of business, or where such use can reasonably be foreseen, even though not actually intended, then he 'causes' the mails to be used. United States v. Kenofskey, 243 U.S. 440, 37 S.Ct. 438, 61 L.Ed. 836."

■ 3. Appellants contend that the confession of James E. Clanton was admitted without proof of the corpus delicti. As argued, this contention goes not to the mere order of proof,[5] but to the absence throughout of corroboration of the confession or proof of the corpus delicti. The extent of the corroboration of a confession necessary as a matter of law for a judgment of conviction has been discussed in recent decisions by the Supreme Court[6] and by this Court.[7] Certainly there must be either substantial independent evidence which would tend to establish the trustworthiness of the confession, or else independent evidence as to some, if not indeed all, of the elements of the offense.

As to two of the indictments, Nos. 1339 and 1340, there was no direct proof of fraud except by the confession of Clanton. As to the other three indictments, Nos. 1341, 2267, and 2268, the Government offered testimony of other witnesses that the accident was faked or that the scheme was fraudulent. As to the two indictments first mentioned, the Government contends that the fraudulent character of one alleged accident and claim may be inferred from proof that other similar accidents during the same period

were faked. On that issue we agree with the Government for reasons disclosed in our discussion of the appellants' next contention.

4. Appellants contend that the district court erred in allowing the Government to inquire on cross-examination about other accidents not covered in the indictments.

While the Government was presenting its case in chief, the district court ruled repeatedly that testimony as to accidents not covered in the indictments was inadmissible. However, upon cross-examination of each of the three defendants who testified in his own behalf,[8] the court allowed the Government, over the objections of the defendants, to inquire about other accidents in which they had been involved. The Government concedes that this course was inconsistent with the principle that contradiction or impeachment of a witness may be shown only on matters material to the substantive issues of the trial.[9] The Government relies, however, upon the rationale of Michelson v. United States, 1948, 335 U.S. 469, 69 S.Ct. 213, 93 L.Ed. 168, and urges that this evidence should have been admitted by the district court when it was offered by the Government as part of its main case for the purpose of proving fraud.

The Michelson case, supra, while recognizing the general rule that the Government may not prove defendants' prior trouble with the law or specific criminal acts, points out that,

5. Compare Vogt v. United States, 5 Cir., 1946, 156 F.2d 308, with Adolfson v. United States, 9 Cir., 1947, 159 F.2d 883; Manning v. United States, 10 Cir., 1954, 215 F.2d 945; Summers v. United States, 9 Cir., 1957, 250 F.2d 132, 136, 137, and cases cited. Annotation 45 A.L.R.2d 1338, et seq.; 7 Wigmore on Evidence, 3rd ed., § 2073. Consider also the harmless error rule, Rule 52(a), Federal Rules of Criminal Procedure.

6. Opper v. United States, 1954, 348 U.S. 84, 92, 93, 75 S.Ct. 158, 99 L.Ed. 101; Smith v. United States, 1954, 348 U.S. 147, 156, 75 S.Ct. 194, 99 L.Ed. 192.

7. Masse v. United States, 5 Cir., 1954, 210 F.2d 418; French v. United States, 5 Cir., 1956, 232 F.2d 736; see also, Annotation 45 A.L.R.2d 1316.

8. Clanton, who had signed a confession, did not testify.

9. Gordon v. United States, 1953, 344 U.S. 414, 420, 73 S.Ct. 369, 97 L.Ed. 447; United States v. Sweeney, 3 Cir., 1959, 262 F.2d 272, 276, 277; Cwach v. United States, 8 Cir., 1954, 212 F.2d 520, 530; Sutherland v. United States, 4 Cir., 1937, 92 F.2d 305, 308; Yoder v. United States, 10 Cir., 1934, 71 F.2d 85, 89.

"There are * * * well-established exceptions where evidence as to other transactions or a course of fraudulent conduct is admitted to establish fraudulent intent as an element of the crime charged. See, e. g., Fall v. United States, 60 App. D.C. 124, 49 F.2d 506, certiorari denied, 283 U.S. 867, 51 S.Ct. 657, 75 L. Ed. 1471; Hatem v. United States, 4 Cir., 42 F.2d 40, certiorari denied, 282 U.S. 887, 51 S.Ct. 103, 75 L.Ed. 782; Williamson v. United States, 207 U.S. 425, 28 S.Ct. 163, 52 L.Ed. 278; Allis v. United States, 155 U.S. 117, 15 S.Ct. 36, 39 L.Ed. 91; Wood v. United States, 16 Pet. 342, 10 L. Ed. 987."

335 U.S. at pages 475, 476, note 8, 69 S. Ct. at page 218.

In the early case of Wood v. United States, 1842, 16 Pet. 342, 360, 10 L.Ed. 987, the Court said:

"The question was one of fraudulent intent or not; and upon questions of that sort, where the intent of the party is matter in issue, it has always been deemed allowable, as well in criminal as in civil cases, to introduce evidence of other acts and doings of the party, of a kindred character, in order to illustrate or establish his intent or motive in the particular act directly in judgment. Indeed, in no other way would it be practicable, in many cases, to establish such intent or motive, for the single act, taken by itself, may not be decisive either way; but when taken in connection with others of the like character and nature, the intent and motive may be demonstrated almost with a conclusive certainty."

The principles have been fully discussed in Weiss v. United States, 5 Cir., 1941, 122 F.2d 675, 681, et seq., and in 2 Wigmore on Evidence, 3rd ed., § 300, et seq. We agree with the Government's contention that most, if not all, of the evidence offered as to other accidents should have been admitted as a part of the Government's case in chief for the purpose of proving fraud.

■■ Ordinarily evidence proper in chief may be admitted on rebuttal in the sound discretion of the court. 23 C.J.S. Criminal Law § 1051. Under the circumstances of this case, however, the procedure adopted worked unfairly to the defendants. Each defendant had a constitutional right not to be a witness against himself. Each of them knew that when he took the stand his voluntary offer of testimony was a waiver, but a waiver restricted to relevant facts. Brown v. Walker, 1896, 161 U.S. 591, 597, 598, 16 S.Ct. 644, 40 L.Ed. 819; Johnson v. United States, 1943, 318 U.S. 189, 195–197, 63 S.Ct. 549, 87 L.Ed. 704. Belvin was the first of the defendants to take the stand. Based on the previous rulings of the Court, Belvin had a right to believe that evidence as to other accidents was not relevant. It cannot be held that Belvin voluntarily subjected himself to cross-examination with reference to such accidents not covered in the indictment. Further, that procedure deprived the defendants, all represented by the same counsel, of the full opportunity to searching cross-examination of the witnesses against them to which they would have been entitled had the evidence been admitted as a part of the Government's case in chief. In our opinion, the district court, in the light of its previous rulings, erred in overruling the objections of the defendants to Belvin's cross-examination about such other accidents.

It is not necessary to decide whether like rulings on the cross-examination of Wallace Hawkins and Clifton Hawkins were also erroneous, because the error as to the cross-examination of Belvin was prejudicial to the two Hawkins and also to Clanton, each of them having been involved, according to the inquiries, in some of the other accidents.

That error requires a reversal of each of the judgments of conviction, and it is not entirely necessary to discuss appellants' few remaining contentions. We do so, however, because they have a bearing

either on what has been said or upon the conduct of a new trial or trials.

5. The appellants other than Clanton contend that Clanton's confession so prejudiced them that the district court erred in denying their motions for mistrial. Clanton's confession goes into meticulous detail as to the collisions covered by the indictments and as to other alleged accidents. It comprises a little over seven single-spaced typed pages. It describes Wallace Hawkins as the ringleader in the series of faked accidents and mentions his name over eighty times and repeatedly implicates the other defendants. Apparently, neither counsel nor his co-defendants knew that Clanton had confessed, and they were taken by surprise when his confession was introduced in evidence. The other three defendants then promptly moved for a mistrial to protect their constitutional rights to be confronted with the witness against them and to have an opportunity to cross-examine that witness. Amendment 6 to the Constitution. The district court denied the motions for mistrial, stating: "I don't know whether I can save the case or not but I am going to do my best to.

Call the jury back." The court then instructed the jury to consider the confession as evidence against Clanton alone and not to consider it against the other defendants.

Since Clanton's co-defendants are now fully advised of his confession and will have the opportunity upon remand and before trial to request a severance from Clanton,[10] we refrain from passing on the question of whether or not the district court abused its discretion in denying their motions for mistrial.

6. As to Wallace Hawkins, the district court charged the jury in part as quoted in the margin.[11] Thus the district court itself did not limit Clanton's confession to Clanton alone, but considered it as evidence against Wallace Hawkins. If the jury had confined that confession to a consideration solely of Clanton's guilt or innocence, it could conceivably have found Clanton guilty and Wallace Hawkins not guilty. In any event, the charge that " * * * in every case where you find a verdict of guilty against anybody, you have to find a verdict of

10. See Rule 14, Federal Rules of Criminal Procedure. In the event of such request, the district court, in exercising its discretion, should consider the principles stated in previous rulings of the Supreme Court and of this Court, including among others the following two cases: Schaffer v. United States, 5 Cir., 1955, 221 F.2d 17, 54 A.L.R.2d 820; Barton v. United States, 5 Cir., 1959, 263 F.2d 894.

11. " * * * If you are convinced by this evidence that Wallace Hawkins was present at any or all of these accidents, that he supervised them, as other witnesses have testified he did as to three of them, *and the co-defendant Clanton has stated in his confession that he did as to the other two,* or whether or not you have a reasonable doubt in your minds as to his being present at any of these accidents, that he had anything to do with the creation of the loss or the unlawful scheme to defraud the insurance companies, or that he profited in any manner because of its operation—because of what was paid in connection with any

of these accidents, that's what your problem is as to him. (Emphasis added.)
" * * * * * * *
" * * *. And in that connection, let me say with reference to these cases, which occupy a rather peculiar status before a jury, in every case where you find a verdict of guilty against anybody, you have to find a verdict of guilty also against Wallace Hawkins. That is, the Government has alleged in these indictments in each case Wallace Hawkins was back of each scheme, and if you're not satisfied from the evidence that the Government has submitted that they have proven that question beyond a reasonable doubt in these cases, then you must acquit him as well as every other defendant in the case. But if you find from the evidence that the Government has established beyond a reasonable doubt that he was the leading spirit in these alleged cases, that he participated in them, to the extent that the evidence is sufficient to warrant his conviction then you should convict him along with such other defendants as you find guilty. * * * "

guilty also against Wallace Hawkins" was clearly erroneous.[12]

For the errors indicated, the judgments of conviction are reversed and the causes remanded.

Reversed and remanded.

JONES, Circuit Judge (dissenting).

The majority holds, or so it seems to me, that because the court erroneously declined to permit the Government to introduce evidence of other similar criminal acts of the defendants, such evidence could not be properly elicited by cross-examination of the defendants who thereafter took the stand as witnesses in their own behalf. The result of this doctrine, as I see it, is to give a person accused of a crime a vested right in the perpetuation of error. Persons who are accused of criminal violations of the law are given many safeguards. This decision seems needlessly to add another, and one which restricts the discretionary power of the court to admit later in the trial evidence erroneously excluded. I do not see how, even if the majority's view be correct, it can apply to the defendants who voluntarily took the stand after the court had changed its earlier ruling. The situation of the other defendants was then no different than it would have been if the court had made a correct ruling and had admitted evidence of the other accidents when it was first offered.

The holding that the admission of the confession, though accompanied by an admonitory charge, is reversible error, seems to me to be contrary to the controlling precedent of Opper v. United States, 348 U.S. 84, 75 S.Ct. 158, 99 L.Ed. 101.

I agree with the majority that the reference to the Clanton confession in the instruction regarding Hawkins was improper. I also agree that the portion of the instruction saying that "in every case where you find a verdict of guilty against anybody, you have to find a verdict of guilty also against Wallace Haw-

kins," should have excluded Clanton, who had confessed, from the "anybody" group. It might have been an encroachment upon the province of the jury to have given this instruction whether or not Clanton was excepted. However, reading the instructions in their entirety, I conclude that the jury was not misled. I fail to see any prejudicial error.

I would affirm the judgment and sentence of the district court.

12. Bucklin v. United States, 1895, 159 U. S. 682, 16 S.Ct. 182, 40 L.Ed. 305; Ko-

sak v. United States, 3 Cir., 1931, 46 F. 2d 906.